Opinion issued August 16, 2007

 













In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00947-CR






BASIL RAFIK LABIB, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1038987






O P I N I O N

 Appellant, Basil Labib, appeals from an order deferring an adjudication of guilt
for the third degree felony of forgery. See Tex. Pen. Code Ann. § 32.21(e)(1)
(Vernon Supp. 2006) (forgery); Tex. Code Crim. Proc. Ann. art. 42.12 § 5 (Vernon
2006) (Deferred Adjudication; Community Supervision). Pursuant to a plea bargain
recommendation, the court assessed punishment at four years of community
supervision, a $500 fine, and 200 hours of community service, among other
conditions. After the trial court place him on deferred adjudication, appellant filed
a motion in arrest of judgment, which was denied by operation of law, (1) and a motion
to withdraw his plea of guilty, which was denied in a written order by the trial court.

 In two issues, appellant contends that his guilty plea was involuntary and
unknowing due to ineffective assistance of counsel, and that the required ten-day
preparation time given to appointed counsel was not properly waived. We conclude
that appellant's motion in arrest of judgment was not properly before the trial court
because there is no judgment to arrest while the defendant is on deferred adjudication. 
We also conclude that the trial court properly considered the motion to withdraw the
plea of guilty, but that appellant has not shown that the trial court abused its
discretion by refusing to allow him to withdraw his plea of guilty because appellant
has failed to show that his trial counsel rendered ineffective assistance. Further, we
conclude that appellant's contention that the ten-day preparation time was not
properly waived by appellant and his counsel was not preserved for appeal. We
affirm the trial court's order deferring adjudication.

Background

 On August 29, 2005, appellant was arrested and charged with forgery by
counterfeiting money. That evening, a magistrate found probable cause for the
further detention of appellant, and set his bail at $5,000. The following day, appellant
was appointed an attorney by the district court and pleaded guilty to the charges
pursuant to a plea bargain with the State, the terms of which the trial court accepted.

 In his plea of guilty, appellant signed admonishments that included waivers of
the right to indictment, the right to a trial by jury, and the right to "any further time
to prepare for trial to which I or my attorney may be entitled." Appellant also
asserted, as part of the waiver, that "I am satisfied that the attorney representing me
today in court has properly represented me and I have fully discussed this case with
him." In a written admonishment by the court, appellant signed his initials to the
following statements:

 I have freely, knowingly, and voluntarily executed this statement in open
court with the consent of and approval of my attorney. . . . If my counsel
was appointed, I waive and give up any time provided me by law to
prepare for trial. I am totally satisfied with the representation provided
by my counsel and I received effective and competent representation.


Appellant's trial counsel also signed a waiver, stating,

 I represent the defendant in this case and I believe that [the waiver] was
executed by him knowingly and voluntarily and after I fully discussed
it and its consequences with him. . . . I waive any further time to prepare
for trial to which I or the defendant may be entitled.


 The trial court admonished appellant about the consequences of pleading guilty
at a hearing that was recorded by the court reporter. The record shows that the trial
court admonished appellant as follows: 

 The Court: Mr. Labib, you stand charged by information with
the third degree felony offense of forgery
counterfeiting. You have a right to have this case
presented to a Harris County Grand Jury for their
consideration and possible indictment. You may
waive or give up that right and proceed before the
Court by information today. What is your choice,
please[?]


 The Defendant: Waive it, sir.


 The Court: Very well, sir. How do you plead, guilty or not
guilty?


 The Defendant: Guilty.


 The Court: Are you pleading guilty because you are guilty?


 The Defendant: Yes, sir.


 The Court: Are you doing so freely and voluntarily?


 The Defendant: Yes.


 The Court: Has anyone promised you anything, threatened you
in any way, or forced you into making this plea?


 The Defendant: No.


 . . . .


 The Court: This Court is advised that you, your lawyer, and the
State's lawyer have agreed to recommend to the
Court a punishment of 4 years deferred adjudication,
a $500 fine, and 200 hours of community service. Is
that your agreement, sir?


 The Defendant: Yes, sir.


 . . . . 

 

 The Court: Have you talked over deferred adjudication with
your lawyer? Has he explained the advantages and
disadvantages of that type probation to you?


 The Defendant: Yes, sir.


 The Court: You understand that the disadvantages are, number
one, you are limiting any right of appeal you may
have; number two, and more importantly, the Court
is not bound by any term of years. Should you
violate this probation, the Court could give you the
entire 10 years in the penitentiary. Do you
understand that?


 The Defendant: Yes, sir.


 In response to further questioning by the trial court, appellant also told the
court that he desired that the court follow the plea bargain agreement; that he
understood his rights as explained by his attorney; that he understood what was
transpiring in court; and that he understood the consequences of his plea. Before
accepting the plea of guilty, the trial court asked appellant questions that resulted in
responses that indicated that appellant personally signed the plea papers and that he
signed the papers after obtaining the advice of counsel. Appellant also told the trial
court that he understood that by signing the plea papers he was waiving his rights and
giving up his rights to a trial by jury, including the right to confront and cross-examine the witnesses against him. In addition, appellant responded affirmatively
when the trial court asked him whether he understood that by signing the plea papers
he was admitting that he committed the offense. The trial court found appellant's
plea was freely and voluntarily made and accepted the plea of guilty. 

 The trial court entered an "order deferring adjudication of guilt" on August 30,
2005. That order states,

 The trial proceeded before the Court, and after the evidence was
submitted and the arguments of Counsel thereon, the Court found that
such evidence substantiates the Defendant's guilt in this cause, and
further that the best interests of society and of the Defendant would be
served by deferring proceedings without entering adjudication of guilt
and placing the defendant on Community Supervision in this cause. 


 IT IS ORDERED AND ADJUDGED that in accordance with Art.
42.12 5(a) C.C.P.; (2) no judgment shall be entered in this cause and the
Defendant is hereby placed on Community Supervision in this cause for
a period as indicated above, from the date of this order, pending the
Defendant's abiding by and not violating the terms and conditions of the
Defendant's Community Supervision. 


(emphasis added). On the day the deferred adjudication was ordered, the trial court
certified that the case was a plea-bargain case and the defendant did not have a right
of appeal. 

 Within 30 days of the order, on September 26, appellant filed a motion in arrest
of judgment, citing rules 22.2(a)-(c) of the Rules of Appellate Procedure. Tex. R.
App. P. 22.2(a)-(c). The motion in arrest of judgment asserted that the trial court's
judgment was contrary to the law and invalid because the plea of guilty was
involuntary due to coercive influences and ineffective assistance of counsel, and that
the charging instrument was defective "since it alleged an offense of forgery . . .
without alleging the manner of the intent to utter element." Appellant concurrently
filed a motion to withdraw guilty plea, in which he claimed that his plea was not
freely and voluntarily entered on the grounds that his trial attorney rendered
ineffective assistance of counsel. See Tex. Code Crim. Proc. Ann. art. 26.13(b)
(Vernon Supp. 2006).

 Attached to these motions was an affidavit by appellant that asserts that he was
driving his mother's car home from a friend's house when he stopped in a parking lot
in order to "sober up" from the marihuana he had been smoking. An officer soon
pulled into the parking lot and approached appellant. When appellant admitted to
having smoked marihuana, the officer asked to search the car, and appellant
consented. After performing a lengthy search of the car, the officer came back with
two ten dollar bills "on faded light green paper with faded and smeared ink," which
"there is no way anyone could consider . . . real." Although appellant claims that he
"had no idea that the money was even there in the car," he was arrested and charged
with forgery of counterfeit money. Appellant further states in the affidavit that, after
being in jail for over 24 hours without eating or sleeping, he was transferred to court,
where he met his court-appointed attorney for the first time. They discussed possible
punishments and plea bargain offers, including the State's reluctance to offer
probation, because appellant's family lived in Virginia and he was therefore thought
to be a flight risk. However, appellant claims his attorney "never asked [him] any
questions regarding [his] story," despite appellant's repeated assertions of his
innocence. 

 Appellant's attorney went back and forth between the District Attorney and
appellant several times, each time bringing successively more lenient plea offers. 
Eventually appellant told his attorney, "Your job isn't to cut me the best deal
possible, it's to prove me innocent." His attorney advised appellant that if he chose
to fight the charges, he might not have a trial until March, over six months later, and
further advised him that the offer of 180 days imprisonment in exchange for a guilty
plea was "a good deal in [his] situation." Appellant then met personally with the
prosecutor, who would not come down from the 180-day offer. Appellant's attorney
was present but did not participate in the discussion at this meeting. When appellant
still maintained he was innocent, his attorney made a final attempt to negotiate a
lower sentence, and returned with the offer of four years' deferred adjudication
community supervision. Although appellant hesitated to accept this offer, his
attorney advised him that he would have to accept the offer and plead guilty in order
to get the deferred adjudication. Fearing that he would not be able to get anyone to
post his bail, and feeling that it was his only option, appellant finally accepted the
offer. His attorney advised appellant not to say anything to the judge other than what
he was told to say, and that he was guilty. 

 On September 29, appellant filed a timely notice of appeal within 30 days of
being placed on deferred adjudication. Thirteen days after appellant gave notice of
appeal, the trial court amended its certification by stating that this "is a plea-bargain
case, but the trial court has given permission to appeal, and the defendant has a right
of appeal." On October 17, within 75 days of the trial court's order that placed
appellant on deferred adjudication, the trial court ordered that the "motion for new
trial is overruled" (3) and that the "motion to [withdraw] guilty plea overruled." The
trial court's order does not specify a ruling on the motion in arrest of judgment, which
was then denied by operation of law.

Appellate Jurisdiction from Trial Court's Certification to Allow Appeal

 At oral argument, the State challenged this Court's jurisdiction over the appeal
by asserting that the trial court's amended certification was not filed to correct a
defect or omission in an earlier filed certification. 

 The rules of appellate procedure provide that in a "case in which defendant's
plea is guilty . . . and the punishment did not exceed the punishment recommended by
the prosecutor and agreed to by the defendant--a defendant may appeal only . . . after
getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2)(B). The
rules also provide that an amended "certification of the defendant's right of appeal
correcting a defect or omission in an earlier filed . . . certification may be filed in the
appellate court . . . at any time before the appealing party's brief is filed." Tex. R. App.
P. 25.2(f). "The amended . . . certification is subject to being struck for cause on the
motion of any party affected by the amended . . . certification." Id. 

 The amended certification gave appellant permission to appeal, which the
original certification had not given him. Although the trial court changed its decision
by granting permission to appeal that it had earlier denied, the State never filed a
motion seeking to strike the trial court's amended certification. See id. Based on the
record before us, the trial court's amended certification appears to correct a defect in
the original certification. See id. The original certification was defective because it
did not allow the appeal that the trial court apparently wished to allow. See id. We
hold that the amended certification properly certified appellant's right to appeal and
that we have appellate jurisdiction over this appeal. See id. 

Trial Court's Jurisdiction over Motions Filed While on Deferred Adjudication Prior to oral argument, we asked the parties to be prepared to discuss the effect
of Donovan v. State, 68 S.W.3d 633 (Tex. Crim. App. 2002), on the present case. 
Here, the issue is whether Donovan, which precludes a motion for new trial while a
defendant is on deferred adjudication, also applies to a motion in arrest of judgment
or to a motion to withdraw a plea of guilty. See Donovan, 68 S.W.3d at 638.

 A. Deferred Adjudication Law

 Deferred adjudication is a form of punishment imposed by the trial court. See
Tex. Code Crim. Proc. Ann. art. 42.12 § 5. When a defendant is placed on deferred
adjudication, the trial court accepts the defendant's plea of guilty or nolo contendere,
finds that the evidence substantiates the finding of guilt, and places the defendant on
community supervision. Id. ("Except as provided by Subsection (d) of this section,
when in the judge's opinion the best interest of society and the defendant will be
served, the judge may, after receiving a plea of guilty or plea of nolo contendere,
hearing the evidence, and finding that it substantiates the defendant's guilt, defer
further proceedings without entering an adjudication of guilt, and place the defendant
on community supervision."). "Community supervision" means the placement of a
defendant by a court under a continuum of programs and sanctions, with conditions
imposed by the court for a specified period. Tex. Code Crim. Proc. Ann. art. 42.12
§ 2(2).

 A deferred adjudication community supervision is not a suspended sentence. 
Compare Tex. Code Crim. Proc. Ann. art. 42.12 § 5 (Vernon 2006) (deferred
adjudication) with Tex. Code Crim. Proc. Ann. art. 42.12 § 2(2)(B) (suspended
sentence). The suspended sentence community supervision occurs when a defendant
receives a "sentence of imprisonment or confinement, imprisonment and fine, or
confinement and fine, is probated and the imposition of sentence is suspended in
whole or in part." Tex. Code Crim. Proc. Ann. art. 42.12 § 2(2)(B) (emphasis
added). To illustrate how a deferred adjudication differs from a suspended sentence,
we note that when a deferred adjudication is revoked, the defendant may then be
placed on a suspended sentence community supervision. See Tex. Code Crim. Proc.
Ann. art. 42.12 § 5(b) (upon final adjudication of guilt, Code provides that "all
proceedings, including assessment of punishment, pronouncement of sentence,
granting of community supervision, and defendant's appeal continue as if the
adjudication of guilt had not been deferred") (emphasis added). (4) 

 B. Motion for New Trial Disallowed by Donovan

 Rule 21 of the rules of appellate procedure governs new trials in criminal cases.
Tex. R. App. P. 21. A new trial is defined as "the rehearing of a criminal action after
the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." 
Tex. R. App. P. 21.1. Because there is no finding or verdict of guilt in a deferred
adjudication, the Donovan court held that a motion for new trial was not permissible
when a defendant was placed on deferred adjudication. Donovan, 68 S.W.3d at 636. 
The Court of Criminal Appeals noted that a deferred adjudication defendant could
move to withdraw his original plea after requesting final adjudication, at which time
the trial court would be empowered to rule on the motion or hear evidence concerning
any reasons for permitting withdrawal, including allegations that the plea was entered
involuntarily. Id. at 637. In short, a motion for new trial is not properly heard while
a defendant is on deferred adjudication. Id.

 C. Motion in Arrest of Judgment

 To challenge the trial court's order placing him on deferred adjudication,
appellant filed a motion in arrest of judgment, citing rules 22.2(a)-(c) of the Rules of
Appellate Procedure. Tex. R. App. P. 22.2(a)-(c). However, for the same reasons that
a motion for new trial is impermissible, a motion in arrest of judgment may not
properly be filed. 

 A "motion in arrest of judgment means a defendant's oral or written suggestion
that, for reasons stated in the motion, the judgment rendered against the defendant was
contrary to law." Tex. R. App. P. 22.1. (5) No judgment has been rendered in this case
because, by definition, a deferred adjudication means that the proceedings are deferred
without entering an adjudication of guilt. See Tex. Code Crim. Proc. Ann. art. 42.12
§ 5. We also note that the rules concerning motions in arrest of judgment specifically
mention suspended sentences, but they do not mention deferred adjudication. See Tex.
R. App. P. 22.3 ("A defendant may file a motion in arrest of judgment before, but not
later than 30 days after, the date when the trial court imposes or suspends sentence in
open court.") (emphasis added). 

 Here, the trial court's order that placed appellant on deferred adjudication
specifically states that "no judgment shall be entered in this cause." In accordance
with the analysis of Donovan, we conclude that the trial court may not hear a motion
in arrest of judgment while a defendant is on deferred adjudication because, simply
put, there is no judgment to arrest. See Donovan, 68 S.W.3d at 636. Like Donovan,
the defendant would have to move to withdraw his original plea after requesting final
adjudication, at which time the trial court would be empowered to rule on the motion
or hear evidence concerning any reasons for arresting the judgment. See id. at 637. 
We hold that appellant's motion in arrest of judgment was not properly filed because
there was no judgment to arrest and that we have no jurisdiction to review the merits
of that motion while appellant is on deferred adjudication.

 D. Motion to Withdraw Guilty Plea

 After he was placed on deferred adjudication, appellant also filed a motion to
withdraw his guilty plea that cited article 26.13 of the Code of Criminal Procedure. 
See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2006). Although the
motion to withdraw the plea of guilty is functionally equivalent to the disallowed
motion for new trial and motion in arrest of judgment, (6) a defendant may properly file
the motion to withdraw plea while he is on deferred adjudication.

 The Code of Criminal Procedure provides that pleas of guilty or nolo contendere
must be freely and voluntarily made by competent defendants. Tex. Code Crim.
Proc. Ann. art. 26.13(b) (Vernon Supp. 2006) ("No plea of guilty or plea of nolo
contendere shall be accepted by the court unless it appears that the defendant is
mentally competent and the plea is free and voluntary."). Further, a defendant must
be aware of the consequences of his plea of guilty or nolo contendere. Tex. Code
Crim. Proc. Ann. art. 26.13(c) ("In admonishing the defendant as herein provided,
substantial compliance by the court is sufficient, unless the defendant affirmatively
shows that he was not aware of the consequences of his plea and that he was misled
or harmed by the admonishment of the court.").

 A defendant may file a motion to withdraw a guilty plea, asserting that his plea
was not freely and voluntarily entered or that he was not aware of the consequences
of his plea. See Tex. Code Crim. Proc. Ann. art. 26.13(b). A defendant may
withdraw his guilty plea for any reason as a matter of right until judgment has been
pronounced or the case has been taken under advisement. Jackson v. State, 590
S.W.2d 514, 515 (Tex. Crim. App. 1979). However, when the defendant decides to
withdraw his guilty plea after the trial judge takes the case under advisement or
pronounces judgment, the withdrawal of such plea is within the sound discretion of
the trial court. State v. Ellis, 976 S.W.2d 789, 792 (Tex. App.--Houston [1st Dist.]
1998, no pet.). A case has been taken under advisement once a plea has been entered,
both sides have presented evidence, and the trial court has accepted pleas, deferred
adjudication, and placed defendant on community supervision. Washington v. State,
893 S.W.2d 107, 108-09 (Tex. App.--Dallas 1995, no pet.). Because appellant was
on deferred adjudication at the time he filed the motion to withdraw the plea, the
matter of whether to allow him to withdraw his plea of guilty was left to the sound
discretion of the trial court. See Ellis, 976 S.W.2d at 792. 

 We hold that while a defendant is on deferred adjudication, he may properly file
a motion to withdraw his plea and that we may review the trial court's decision on the
motion for abuse of discretion. See Donovan v. State, 17 S.W.3d 407, 409-10 (Tex.
App.--Houston [1st Dist.] 2000), aff'd, 68 S.W.3d 633 (Tex. Crim. App. 2002)
(observing that motion to withdraw plea of guilty would be allowed while defendant
was on deferred adjudication even though motion for new trial was disallowed and
though outcomes of both motions were functionally equivalent); (7) Ellis, 976 S.W.2d
at 791-92 (affirming trial court's holding hearing and granting defendant's motion to
withdraw guilty plea, although hearing took place more than 30 days after defendant
was placed on deferred adjudication); (8) Washington, 893 S.W.2d at 109 (affirming trial
court's granting of motion to withdraw plea one year after defendant placed on
deferred adjudication). (9) Having held that the motion to withdraw plea was properly
filed by appellant while he was on deferred adjudication, we must next review whether
the trial court properly denied appellant's motion to withdraw the plea of guilty.

Involuntariness of Plea due to Ineffective Assistance of Counsel

 In his first issue, appellant asserts that his plea of guilty was rendered
involuntary and unknowingly because he did not receive effective assistance of
counsel. Specifically, appellant contends that he received ineffective assistance of
counsel because his court-appointed counsel (1) did not adequately investigate the
relevant law or facts; (2) erroneously advised appellant regarding how long it would
take before his case could be heard at a trial; and (3) pressured appellant into pleading
guilty. The State responds that the evidence in the record is not sufficient to support
appellant's contentions.

 In determining whether a plea is voluntary, we consider the record as a whole. 
Fimberg v. State, 922 S.W.2d 205, 207 (Tex. App.--Houston [1st Dist.] 1996, pet.
ref'd) (citing Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975)). A
record that indicates that the trial court properly admonished the defendant presents
a prima facie showing that the guilty plea was made voluntarily and knowingly. See
Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); Arreola v. State, 207
S.W.3d 387, 391 (Tex. App.--Houston [1st Dist.] 2006, no pet.). When the record
presents a prima facie showing that the plea was voluntary and knowing, the burden
shifts to the defendant to show that he entered the plea without understanding the
consequences. Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.--Houston [1st
Dist.] 1996, no pet.). An accused who attests when he enters his plea of guilty that he
understands the nature of his plea and that it is voluntary has a heavy burden on appeal
to show that his plea was involuntary. Id. However, a guilty plea is not voluntary if
made as a result of ineffective assistance of counsel, because it does not represent an
informed choice. Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980).

 We conclude that the written and oral waivers and admonishments in the record
present a prima facie showing that the guilty plea was made voluntarily and knowingly
by appellant. See Arreola, 207 S.W.3d at 391; Edwards, 921 S.W.2d at 479. 
Therefore, appellant bears the heavy burden of showing that the plea was entered
involuntarily due to ineffective assistance of counsel. See Edwards, 921 S.W.2d at
479; Burns, 601 S.W.2d at 372. 

 To prevail on a claim of ineffective assistance of counsel, the defendant must
show (1) that trial counsel's performance was deficient and (2) that a reasonable
probability exists that the result of the proceeding would have been different but for
the deficiency. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984). In Texas, the Strickland test is judged by "the totality of the representation,"
rather than by isolated acts or omissions of counsel, and is applied as of the time of
trial, not through hindsight. Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim. App.
1986). The first prong of the Strickland test requires that the defendant show that
counsel's performance fell below an objective standard of reasonableness. Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The defendant must prove
objectively, by a preponderance of the evidence, that trial counsel's representation fell
below professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002). "[C]ounsel has a duty to make reasonable investigations or to make a
reasonable decision that makes particular investigations unnecessary." Strickland, 466
U.S. at 691, 104 S. Ct. at 2066. However, a reviewing court must indulge a strong
presumption that counsel's tactical decisions fall within the wide range of reasonable
professional assistance. Id. at 689, 104 S. Ct. at 2065. The second prong requires that
the defendant show a reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different. See id. at 694, 104 S.
Ct. at 2068; Thompson, 9 S.W.3d at 812. Any allegation of ineffectiveness must be
firmly founded in the record, and the record must demonstrate affirmatively the
alleged ineffectiveness. Thompson, 9 S.W.3d at 813. Furthermore, speculation
concerning counsel's strategy is improper when the record is silent in that regard. 
Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.).

 In the context of a claim that the defendant's plea is involuntary due to
ineffective assistance of counsel, the defendant must show (1) that counsel's advice
was outside the range of competency demanded of attorneys in criminal cases and (2)
that, but for counsel's erroneous advice, the defendant would not have pleaded guilty
and would instead have gone to trial. Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex.
Crim. App. 1999). A plea of guilty based on erroneous information conveyed to the
defendant by his trial counsel is involuntary. Fimberg, 922 S.W.2d at 207 (citing Ex
parte Griffin, 679 S.W.2d 15, 17 (Tex. Crim. App. 1984)). The court must first make
a threshold determination that counsel erroneously and incompetently advised the
appellant before the second factor concerning prejudice to the appellant is reached. 
Id. at 208. In assessing counsel's competence, we presume that counsel has
knowledge of legal principles that are neither novel nor unsettled. Ex parte Welch,
981 S.W.2d 183, 185 (Tex. Crim. App. 1998). 

 The State contends that appellant's affidavit, which was attached to his motions
to withdraw his guilty plea, is not evidence that we may properly consider because the
affidavit was not entered into evidence. (10) The State cites to Bahlo v. State to support
its claim that the affidavit is not evidence that we can consider in this appeal. 707
S.W.2d 249, 251 (Tex. App.--Houston [1st Dist.] 1986, pet. ref'd). In Bahlo, this
Court stated the general rule that "an affidavit attached to a motion for new trial is
only a pleading that authorizes the introduction of evidence, it is not evidence itself;
and it must be introduced as such at the hearing on the motion in order to constitute
evidence on the motion." Id. The attorney in Bahlo referenced the affidavits, allowing
the trial court time to review them, and argued the motion based on the contents of the
affidavits. Id. at 251-52. We held that affidavits that were attached to a motion for
new trial were evidence under circumstances that showed the parties and the trial court
treated the affidavits as if they had been offered into evidence, despite the fact that
"the appellant never used the words 'I offer these in evidence,' the affidavits were not
marked, and the trial court never said that they were admitted." Id. at 251. This was,
in part, because the State did not object to the trial court reviewing the affidavits. Id. 
Similarly, here, the State did not object to the trial court reviewing appellant's
affidavit when it was "offered to the Court" as an attachment to his motions at the
hearing on the motions. See id. Although the affidavit was not marked as evidence
or formally admitted as evidence, the record shows that trial counsel offered it along
with the motions, the State lodged no objection, and the trial court accepted the
motions, with affidavit attached. We hold that the affidavit was effectively admitted
into evidence by the trial court and that it is properly before us. See id. 

 However, by denying appellant's motion, the trial court implicitly found
appellant's claims in the affidavit not credible. We must defer to the trial court's
findings of credibility for affidavit evidence as we would for live testimony. See, e.g.,
Ex parte Wheeler, 203 S.W.3d 317, 325-26 (Tex. Crim. App. 2006) ("[R]eviewing
courts defer to the trial court's implied factual findings that are supported by the
record, even when . . . the evidence is submitted in written affidavits."). Appellant's
affidavit testimony was contradicted by his testimony at his plea hearing, in which he
affirmatively stated that he was pleading guilty because he was guilty and that he was
doing so freely and voluntarily. Furthermore, a defendant's uncorroborated testimony
that he was misinformed by counsel, without more, is not sufficient to show that his
plea was involuntary. See Fimberg, 922 S.W.2d at 208. 

 Appellant averred in his affidavit that his trial counsel informed him that if he
did not plead guilty, he would not be able to go to trial for six months. Appellant
introduced a copy of the trial court's docket sheet along with both of his motions in
support of his assertion that his court-appointed attorney erroneously advised him
concerning the length of time he would have to wait in jail before having his case
heard at trial. However, the docket sheet is dated September 21, 2005, over three
weeks after appellant's attorney gave appellant the allegedly incorrect information. 
Therefore, the docket sheet does not accurately reflect the situation at the time in
question, and using it as evidence that appellant's attorney supplied him with
erroneous advice would be improper speculation upon information that cannot be
affirmatively demonstrated by the record. See Thompson, 9 S.W.3d at 813. 

 The only evidence of counsel's purported misrepresentation is appellant's
affidavit testimony. Appellant's uncorroborated testimony that he was misinformed
by counsel does not meet his burden to show that his plea was involuntary. See
Fimberg, 922 S.W.2d at 208. Because appellant's own uncorroborated testimony is
the only evidence that he was given erroneous advice by his attorney that led to his
guilty plea, appellant has not shown his plea should be found to have been made
involuntarily based on misinformation given him by appointed trial counsel.

 Appellant also contends that trial counsel rendered ineffective assistance by
failing to adequately investigate the relevant law or facts. The record does not show
what investigation was conducted by appellant's counsel. The record does not
indicate what investigation was not done that would have been helpful for the
appellant, or that the failure to conduct an investigation was necessarily prejudicial to
him. Because the record is silent on the need to conduct further investigation in this
case, we are not at liberty to speculate as to counsel's rationale for foregoing it. See
Gamble, 916 S.W.2d at 93.

 In all of the cases cited by appellant in which the courts found ineffective
assistance of counsel for failure to investigate, the records were clear that at least some
exculpatory evidence existed. In Butler v. State, for example, appellant's counsel was
determined to have provided ineffective assistance in part because he failed to call
certain identified witnesses who could have provided alibi testimony. Butler, 716
S.W.2d at 55. The Court of Criminal Appeals noted, however, that the failure to call
these witnesses was only relevant because it was shown at the hearing on the motion
for new trial that such witnesses were available and appellant would have benefitted
from their testimony. Id. Here, however, no such showing has been made. Absent
a compelling showing by the appellant, we must assume that appellant's attorney
reasonably concluded that further investigation was unnecessary. See Strickland, 466
U.S. at 691, 104 S. Ct. 2066. 

 Appellant also contends that trial counsel erroneously advised him regarding
how long it would take before his case could be heard at a trial and pressured him into
pleading guilty. (11) Here, appellant's counsel has not testified concerning his
interactions with appellant, nor do any other sources in the record indicate that
appellant was pressured into pleading guilty. On the contrary, the record shows that
appellant asserted in open court that he was entering his plea freely and voluntarily,
and that he had not been promised anything in return, threatened in any way, or forced
into making the plea. The record does not affirmatively demonstrate the alleged
ineffectiveness brought about by counsel's action. We cannot conclude that counsel's
assistance was ineffective. See Thompson, 9 S.W.3d at 813. 

 Based on our review of the record, we are unable to affirmatively say that, by
a preponderance of the evidence, the performance of appellant's trial counsel fell
below an objective standard of reasonableness. See id. at 812. As such, appellant has
not overcome the strong presumption in favor of the reasonableness of counsel's
professional assistance. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Because
appellant fails to establish the first prong of the Strickland test, we do not reach the
second prong. See Fimberg, 922 S.W.2d at 208. Appellant failed to establish that his
plea of guilty was involuntarily entered. We hold that appellant has not shown that
the trial court abused its discretion by failing to allow him to withdraw the plea of
guilty.

 We overrule appellant's first issue. 

Validity of Waiver of Investigation Period

 In appellant's second issue, he contends that the required ten-day time period
for appointed counsel to investigate a case was improperly waived. See Tex. Code
Crim. Proc. Ann. art. 1.051(e) (Vernon 2005). (12) Specifically, appellant asserts that
he was not put on notice of his right to ten days for investigation by the boilerplate
admonishments he signed, and therefore the ten-day period could not be properly
waived. Appellant further asserts that his counsel never waived his right to investigate
on behalf of appellant. 

 To preserve error for appeal, a party is required to state "the grounds for the
ruling that the complaining party sought from the trial court with sufficient specificity
to make the trial court aware of the complaint, unless the specific grounds were
apparent from the context." Tex. R. App. P. 33.1(a)(1)(A); see also Tovar v. State, 221
S.W.3d 185, 189 (Tex. App.--Houston [1st Dist.] 2006, no pet.). Generally, a party's
failure timely and specifically to object at the trial-court level waives error. Tex. R.
App. P. 33.1; Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). An objection
may be in phrased any manner that sufficiently apprises the trial court and opposing
counsel of the nature of the complaint. Ex parte Little, 887 S.W.2d 62, 65 (Tex. Crim.
App.1994). 

 Here, appellant did not raise the matter of his right to 10 days' investigation
before the trial court. In his Motion to Withdraw Guilty Plea, he did not allude to any
inadequacy in his waiver of the statutory ten-day period. Appellant made neither the
trial court nor opposing counsel aware of this contention. He therefore has waived the
complaint on appeal. See Tex. R. App. P. 33.1(a)(1)(A); see also Tovar, 221 S.W.3d
at 189.

 We overrule appellant's second issue.


Conclusion

 We affirm the trial court's order deferring adjudication of guilt.



 Elsa Alcala

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.


Publish. Tex. R. App. P. 47.2(b).
1. See Tex. R. App. P. 22.4 (motion in arrest of judgment not timely ruled on will be
"deemed denied" after expiration of 75 days "after imposing or suspending sentence
in open court").
2. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(a) (Vernon 2006).
3. No motion entitled a motion for new trial was filed by appellant.
4. There are many other differences between a deferred adjudication and a suspended
sentence. Final adjudication ends the period of deferred adjudication, and can either
come (1) by request of the defendant within 30 days of entering his plea and receipt
of deferred adjudication or (2) by defendant's violation of a condition of community
service imposed as part of a deferred adjudication. See Tex. Code Crim. Proc. Ann.
art. 42.12 § 5(a)-(b) (Vernon 2006). A defendant faces the full range of punishment
if the deferred adjudication is revoked. See id. art. 42.12 § 5(b). In contrast, in a
suspended sentence, the defendant is subject only to the range of punishment up to the
term to which he was sentenced. See id. art. 42.12 § 23(a) ("If community supervision
is revoked . . . the judge may proceed to dispose of the case as if there had been no
community supervision, or . . . reduce the term of confinement originally assessed.").
5. A motion in arrest of judgment may be based on any of the following grounds:


 (a) that the indictment or information is subject to an exception on
substantive grounds;


 (b) that in relation to the indictment or information a verdict is
substantively defective; or


 (c) that the judgment is invalid for some other reason.


 Tex. R. App. P. 22.2(a)-(c). 
6. A motion in arrest of judgment returns a defendant to his pre-indictment position and
a motion for new trial returns him to his post-indictment status. Tex. R. App. P. 21.9
(granting motion for new trial restores case to position before former trial including
arraignment or pretrial proceedings); Tex. R. App. P. 22.6 (arrest of judgment restores
defendant to position that he had before indictment or information was presented). 
A motion to withdraw the plea of guilty returns a defendant to his post-indictment
status. See Donovan v. State, 17 S.W.3d 407, 409-10 (Tex. App.--Houston [1st
Dist.] 2000), aff'd, 68 S.W.3d 633 (Tex. Crim. App. 2002). 
7. The Court of Criminal Appeals expressed no opinion on whether our assessment of
a motion to withdraw plea was accurate. Donovan v. State, 68 S.W.3d at 637 n.17
("The Court of Appeals indicated that a trial judge could grant a request to withdraw
the plea even if the defendant has not yet moved for final adjudication. Donovan, 17
S.W.3d at 410. We express no opinion on whether a trial court may employ such a
procedure.").
8. The right to a motion to withdraw guilty plea is not in the code of criminal procedure
or any other statute. The withdrawal of a guilty plea appears to stem from the
constitutional right to trial by jury. See Fairfield v. State, 610 S.W.2d 771, 776 (Tex.
Crim. App. 1981). 
9. We note that in Evans, the Court of Criminal Appeals equated a motion to withdraw
a plea of guilty with a motion for new trial. State v. Evans, 843 S.W.2d 576, 578
(Tex. Crim. App. 1992) (stating "motion to reconsider a plea . . . should more aptly
have been called a motion for new trial."). In Evans, the Court of Criminal Appeals
stated, "Once sentence has been imposed, a defendant may return to his pre-sentence
status in one of only three ways: 1) a motion for new trial under Rule 30; 2) motion
to arrest the judgment under Rule 33; and 3) appeal." Id. (emphasis added). Because
sentence has not yet been imposed in a deferred adjudication, Evans sheds no light on
how a defendant can return to his pre-deferred adjudication status. See id.
10. The record of the October 2005 hearing concerning appellant's motions to withdraw
his plea of guilty and in arrest of judgment shows as follows:


 The Court: Are the parties ready to proceed in Cause No. 1038987,
the State of Texas versus Basil Labib?


 Mr. Jones: Defense is ready.


 The Court: Anything we need to put on the record other than your
motion, Mr. Jones?


 Mr. Jones: Nothing, Your Honor, other than the Motion in Arrest of
Judgment timely filed on December 27, 2005. It is now
offered to the Court, and the attachments for which we
would ask the Court to grant the motion.


 The Court: Anything further from either side?


 Mr. Warren: Nothing further, Judge.


 Mr. Jones: Not on that motion, no.


 The Court: That motion will be overruled.
11. Appellant contends that he was told on August 29, the day that he pleaded guilty, that
he would have to wait until March to have a trial. 
12. Article 1.051(e) of the Texas Code of Criminal Procedure provides, in pertinent part:

 

 An appointed counsel is entitled to 10 days to prepare for a proceeding
but may waive the preparation time with the consent of the defendant
in writing or on the record in open court. 


 Tex. Code Crim. Proc. Ann. art. 1.051(e) (Vernon 2005).