Affirmed and Memorandum Opinion filed January 28, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00615-CR

NO. 14-08-00620-CR

___________________

 

Joyal Lee Lackey, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the Seventh District Court

Smith County,
Texas



Trial Court Cause Nos. 007-2037-03 & 007-2038-03 

 



 

 

MEMORANDUM OPINION

In this consolidated appeal, appellant Joyal Lee Lackey appeals the sentences imposed after the trial court adjudicated him guilty of
violating a condition of his deferred adjudication community supervision in
both cases.  In his sole issue, appellant contends he was denied effective
assistance of counsel.  We affirm.

 

 

I.  BACKGROUND

On June 21, 2004, appellant was indicted in cause
number 007-2037-03[1]
for the offense of indecency with a child and in cause number 007-2038-03[2] for the offense of
aggravated sexual assault of a child.  Appellant pleaded guilty to the offenses
alleged in the indictments.  On May 13, 2005, pursuant to a plea agreement
between the parties, the trial court deferred adjudication of guilt and sentenced
appellant to ten years’ probation.  Under the terms of the agreement, the
deferred adjudication probation was to run concurrently but any subsequent
sentences imposed following an adjudication of guilt would run consecutively.

On November 28, 2007, the State filed an Application
to Proceed to Final Adjudication in both cases alleging appellant had violated
the conditions of his community supervision by possessing “a firearm, explosive
device or ammunition, to wit: ‘Remington CORE-LOKT .270 caliber PSP.’”[3]  On March 31,
2008, appellant entered pleas of true to the allegations in the State’s
applications.  At the revocation hearing, the court accepted appellant’s pleas,
adjudicated his guilt, and sentenced appellant to fifteen years’ incarceration
in cause number 007-2037-03 and fifty-eight years’ incarceration in cause
number 007-2038-03.  Pursuant to the prior plea agreement, the trial court
ordered that the sentences be served consecutively.  Appellant now appeals his
judgment of conviction and sentence in each cause.[4]

II.  ANALYSIS

In a single issue, appellant argues he received
ineffective assistance of counsel because counsel allegedly recommended
appellant plead true to the allegations in the State’s applications and appellant’s
counsel then presented evidence which, if true, would exonerate appellant.

Both the federal and state constitutions guarantee an
accused the right to have the assistance of counsel.  See U.S. Const.
amend. VI; Tex. Const. art. I, § 10.  The right to counsel includes the right
to reasonably effective assistance of counsel.  See Strickland v. Washington,
466 U.S. 668, 686 (1984).

In reviewing claims of ineffective assistance of
counsel, we apply a two-pronged test.  See Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005) (citing Strickland, 466 U.S. at 687–88).
 A defendant must prove by a preponderance of the evidence (1) his trial
counsel’s representation was deficient in that it fell below the standard of
prevailing professional norms and (2) there is a reasonable probability that,
but for counsel’s deficiency, the result of the trial would have been
different.  Id. (citing Strickland, 466 U.S. at 687–88).

A reasonable probability is a probability sufficient
to undermine confidence in the outcome.  Mallett v. State, 65 S.W.3d 59,
63 (Tex. Crim. App. 2001) (citing Strickland, 466 U.S. at 694).  To
satisfy the “prejudice” requirement in a guilty plea case, the defendant must
show there is a reasonable probability that, but for counsel’s errors, he would
not have pleaded guilty and would have insisted on going to trial.  Hill v.
Lockhart, 474 U.S. 52, 59 (1985).  If a defendant makes an insufficient
showing on one prong, the court need not address the other in order to dispose
of an ineffective assistance claim.  Strickland, 466 U.S. at 697.

We can sustain an allegation of ineffective
assistance of counsel only if firmly founded and affirmatively demonstrated in the
appellate record.  Stephens v. State, 15 S.W.3d 278, 279 (Tex. App.—Houston
[14th Dist.] 2000, pet. ref’d).  The record on direct appeal is, however, often
inadequate to overcome the presumption of competent representation and show counsel’s
conduct fell below an objectively reasonable standard of performance.  Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

In the present cases, the record contains no evidence
appellant’s counsel engaged in the conduct appellant alleges, that is, advising
appellant to plead true to the allegations in the State’s application.  Rather,
the record contains the following colloquy between the court and appellant: 

THE COURT:  Mr. McClain is your
counsel. Have you been satisfied with his representation?

THE DEFENDANT:  Yes, sir.

THE COURT:  Here during the midst
of the trial of your cases, do you have any complaints about that
representation?

THE DEFENDANT:  No, sir.

THE COURT:  The law provides you
have a number of rights when the State files applications like they have filed.
You have a right to have a hearing on those applications. You have a right to
be here for the hearing, so you can see who the State’s witnesses are and what
they have to say or not say.

You have a right to have your
attorney represent you, for you to get legal advice from, for your lawyer to
confront and cross-examine the State’s witnesses on your behalf, test their
knowledge, see if they’re telling the truth. You also enjoy your Fifth
Amendment privileges, your right to remain silent, your right not to have to
get up and say or do anything.

As I said, this State’s Exhibit 1 [the
stipulation of evidence] you signed, the law doesn’t compel or require you to
sign.  You have to volunteer to do that. You don’t have to. . . . 

. . . The law also provides if you
claim your Fifth Amendment privileges, remain silent, plead not true, not put
on any evidence, none of those things are held against you. Just means the
State has to prove their allegations without any help from you. Do you
understand all of those things?

THE DEFENDANT:  Yes, sir.

. . . .

THE COURT:  In fact, by pleading
true and signing this paperwork, you relieve the State of the obligation of
bringing any other witnesses or any other evidence in the courtroom. Your plea
of true in this paperwork would be all I would need to grant their application,
find you guilty based upon your original pleas of guilty, and assess punishment
within those ranges of punishment that I’ve already discussed with you. Do you
understand those things?

THE DEFENDANT:  Yes, sir.

Appellant next affirmed he had not taken any
medication or intoxicating substances in the last twenty-four hours, understood
where he was and what he was doing, could read, write and understand English,
and had not been confined in a mental institution or been under the care of a
psychiatrist.  

Appellant’s counsel affirmed he was satisfied
appellant was competent to stand trial and able to understand his rights, as
well as the consequences of waiving those rights by entering a plea to the
State’s charges.  Counsel further affirmed appellant was able to discuss his
cases and any possible defenses he might have to the State’s charges in its
applications, and otherwise assist counsel in the preparation of his cases. 
The court then took appellant’s plea of true and questioned appellant:

THE COURT:  Are you pleading true
to these applications because those allegations are true and for no other
reason?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you pleading true
because someone has threatened you or tried to force you or coerce you into
pleading true today?

THE DEFENDANT:  No, sir.

THE COURT:  Are you pleading true
today because someone promised to give you something or do something for you if
you would plead true today?

THE DEFENDANT:  No, sir.

THE COURT:  Was your decision to
enter your plea of true a personal decision you made for yourself and that no
one else made for you?

THE DEFENDANT:  Yes, sir.

Thus, in addition to signing the stipulation of
evidence, appellant asserted in open court that pleading true was his personal
decision and he was doing so because the allegations were true.[5]  There is no
indication counsel advised him to plead true, much less advised him to do so
against his will.  Without appellant’s or counsel’s testimony regarding their
interactions, appellant has not met his burden of proving deficient
performance.[6]

In sum, (1) appellant stated he was pleading true to
the allegations in the applications because the allegations were true, and (2) there
is no evidence in the record suggesting appellant’s counsel advised him to
plead true or, if so, why.  A case involving somewhat similar issues is Labib
v State, 239 S.W.3d 322, 331 (Tex. App.—Houston [1st Dist.] 2007, no
pet.).  In Labib, the defendant alleged counsel erroneously advised him
about the length of time before his case could be heard at trial and had
pressured him into pleading guilty.  The Labib court wrote:

Here, appellant’s counsel has not testified concerning his
interactions with appellant, nor do any other sources in the record indicate
that appellant was pressured into pleading guilty.  On the contrary, the record
shows that appellant asserted in open court that he was entering his plea freely
and voluntarily, and that he had not been promised anything in return,
threatened in any way, or forced into making the plea.  The record does not
affirmatively demonstrate the alleged ineffectiveness brought about by counsel’s
action.  We cannot conclude that counsel’s assistance was ineffective.

Id. at 335.

            As in Labib,
on the record before us, we cannot conclude counsel’s assistance in the present
case was ineffective.  Accordingly, we overrule appellant’s sole issue.

Having overruled
appellant’s sole issue, we affirm the trial court’s judgment.

 

                                                                        

                                                            /s/        Kent
C. Sullivan

                                                                        Justice

 

Panel
consists of Justices Seymore, Brown, and Sullivan.

Do Not
Publish — Tex. R. App. P. 47.2(b).









[1] Appellate case number
14-08-00615-CR.





[2] Appellate case number
14-08-00620-CR.





[3] Pursuant to a program
implemented by the Smith County Probation Department requiring compliance
checks and field visits of sex offenders on Halloween, David Wood, appellant’s
probation officer, visited appellant’s residence on the evening of October 31,
2005.  Although appellant was still at work, his wife invited Woods into the
house.  Woods testified that, while talking with appellant’s wife, he noticed
several boxes in plain view containing items typically used in deer hunting,
among them a green and yellow Remington Core-Lokt ammunition box.





[4] Texas Code of Criminal
Procedure, article 42.12, section 5(b) provides in relevant part:

On
violation of a condition of community supervision imposed under Subsection (a)
of this section, the defendant may be arrested and detained as provided in
Section 21 of this article.  The defendant is entitled to a hearing limited to
the determination by the court of whether it proceeds with an adjudication of guilt
on the original charge.  This determination is reviewable in the same manner as
a revocation hearing conducted under Section 21 of this article in a case in
which an adjudication of guilt had not been deferred.  After an adjudication of
guilt, all proceedings, including assessment of punishment, pronouncement of
sentence, granting of community supervision, and defendant's appeal continue as
if the adjudication of guilt had not been deferred.

Tex.
Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2009).





[5] It is also notable that
the trial court specifically reminded appellant of the unusual nature of the
plea agreement that any sentencing in the two cases would be “stacked” or
otherwise be assessed cumulatively.





[6] Appellant argues
counsel’s performance was per se deficient because, after appellant pleaded
true, counsel presented evidence which, if believed, would have exonerated
him.  Counsel called appellant’s wife and grandson who testified to the effect
that the ammunition Woods saw in appellant’s home belonged to the grandson and
appellant was never at home while the ammunition was there.  Contrary to
appellant’s representation, the evidence would not have exonerated him because
appellant was charged with, and confessed to, possessing .270 caliber ammunition
and his wife and grandson’s testimony concerned .30-06 ammunition.  Appellant
also conceded he had been hunting several days after the visit from Woods.  Admittedly,
without testimony from appellant or his trial counsel, we cannot discern  counsel’s
strategy in presenting this specific evidence.  However, the burden of proof is
appellant’s, and his counsel otherwise provided a spirited defense in the
examination of witnesses and his argument for leniency.