NO. 07-09-0224-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 11, 2010

GEORGE ANTHONY GALAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 59,026-C; HONORABLE ANA ESTEVEZ, PRESIDING

*Opinion*

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

George Anthony Galan pled guilty (without a recommendation of punishment) to two counts of sexually assaulting a child. After being convicted and sentenced to prison, he sought to withdraw his guilty pleas by filing a motion for new trial and a motion in arrest of judgment. These motions were founded upon the argument that his trial counsel rendered ineffective assistance. The trial court held an evidentiary hearing to assess the validity of his request for a new trial and ultimately denied the motion. Appellant now appeals from that decision. We affirm the judgments.

*Authority*

The pertinent standard of review is one of abused discretion. *Charles v. State,* 146 S.W.3d 204, 208 (Tex. Crim. App. 2004) (involving a motion for new trial). It prohibits us from simply substituting our judgment for that of the trial court. *Id.* Instead, our task is to merely assess whether the decision was arbitrary or unreasonable. *Id.* We do this by considering the evidence in the light most favorable to the ruling and presuming that all reasonable inferences "that could have been made" against the losing party were so made. *Id.* This means that we must defer to the trial court's resolution of historical fact, *id.* at 206, because it is free to believe all, some, or none of the evidence presented to it, irrespective of whether the evidence is contradicted. *Id.* at 212-13; *accord, Ogbodiegwu v. State*, No. 03-09-00443, 2010 Tex. App. LEXIS 1020 at *11-13 (Tex. App.–Austin February 12, 2010, no pet. h.) (not designated for publication) (applying the rule where the evidence was presented live, not through affidavits). Finally, a reviewing court is free to impute findings that support the trial judge's ultimate ruling when such findings are both reasonable and supported by the record. *Charles v. State,* 146 S.W.3d at 213.

As for the law underlying claims of ineffective assistance, we note that the defendant has the burden of proof. Furthermore, that burden is a heavy one where, as here, he attacks the voluntariness of his plea after pleading guilty and attesting that he understood the nature of the plea and that it was voluntarily made. *Arreola v. State,* 207 S.W.3d 387, 391 (Tex. App.–Houston [1st Dist.] 2006, no pet.). Indeed, those circumstances coupled with proof that the trial court provided the admonishments itemized in art. 26.13 of the Texas Code of Criminal Procedure create prima facie

2

evidence that the plea was knowing and voluntary.[1]  *Id.*; *accord Starz v. State*, No. 01-07-01074-CR–No. 01-07-01079-CR, 2009 Tex App. Lexis 7711 at *13-14 (Tex. App.–Houston [1st Dist.] September 30, 2009, no pet.) (holding the same).  So, in attempting to carry the aforementioned heavy burden, apellant must prove that 1) the advice he received fell outside the range of competence demanded of attorneys in criminal cases, and 2) there was a reasonable probability he would not have pled guilty but for that advice.  *Ex parte Reedy,* 282 S.W.3d 492, 500 (Tex. Crim. App. 2009).

*Application of Authority*

The record before us reveals that appellant was the only witness who testifed at the hearing.  Given this circumstance, the fact that the motion was denied, the rule obligating us to view the record in a light most favorable to the decision, the leeway permitting us to indulge in implicit findings supporting the decision, and the factfinder's freedom to believe or disbelieve any or all testimony, the trial court could well have found appellant's testimony unbelievable.  See *Labib v. State,* 239 S.W.3d 322, 334 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (stating that by denying the motion for new trial, "the trial court implicitly found appellant's claims in the affidavit not credible").  And, we cannot say that arriving at such a conclusion would be unreasonable since appellant was convicted and risks little in complaining about his attorney.  So, too can the fact that he originally swore that his plea was voluntary only to recant after being sentenced to prison afford the trial court basis to question his credibility.  The same can be said about his suggestion at the hearing that he did not sexually assault the child.  He previously

---

[1]That the trial court so admonished appellant at bar is illustrated by his signature on the "Written Plea Admonishments" appearing in the clerk's record.

confessed that the allegations in the indictment were true. Such inconsistencies impact on one's credibility. So, the reasonable possibility that the trial court could have found appellant's testimony incredible alone prevents us from holding that the decision to reject the motion was an instance of abused discretion.

Second, and to the extent that appellant suggests his plea was involuntary because counsel uttered misrepresentations to him about the availability of deferred adjudication, the allegation was uncorroborated. This is problematic because the uncorroborated testimony of the appellant in such situations is not enough. *Labib v. State,* 239 S.W.3d at 335; *accord Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.– Houston [1st Dist.] 1996, pet. ref'd) (holding the same).

Because we cannot simply substitute our decision for that of the trial court and because the record can be read in a way to support the trial court's decision, the trial court did not abuse its discretion in denying appellant a new trial. Thus, we affirm the judgments entered below.

Brian Quinn
Chief Justice

Publish.

4