Opinion issued June 17, 2010

 



     













In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00928-CR




MARTIN FELIPE CZERNY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1093888




CONCURRING MEMORANDUM OPINION

            I concur in the opinion of the Court, but write separately to note that a
defendant on deferred adjudication community supervision need not be adjudicated
guilty before a trial court can consider a motion to exempt him from the sex offender
registration requirement or consider a motion to withdraw his plea.
          Article 62.301 of the Texas Code of Criminal Procedure specifically provides
that an eligible person placed on deferred adjudication community supervision “may
petition the court having jurisdiction over the case for an order exempting the person
from registration [as a sex offender] under this chapter at any time after the person’s
sentencing or after the person is placed on deferred adjudication community
supervision.” Tex. Code Crim. Proc. Ann. art. 62.301(a) (Vernon 2006) (emphasis
added). Therefore, there is no need for a defendant on deferred adjudication to be
adjudicated guilty in order to make this request of the trial court.
          Likewise, it is not necessary for a defendant to have his guilt adjudicated before
the trial court can consider a motion to withdraw his plea of guilty. As we explained
in Labib v. State, a defendant may properly file a motion to withdraw a guilty plea
while he is on deferred adjudication. See Labib v. State, 239 S.W.3d 322, 330–32
(Tex. App.—Houston [1st Dist.] 2007, no pet.).
          Thus, the law permitted Czerny to make both of his post-plea requests to the
trial court without jeopardizing his status on deferred adjudication. However,
whether failing to do so and instead filing a motion to adjudicate constitutes
ineffective assistance of counsel in this particular case is not for us to determine. No
allegation of ineffective assistance of counsel has been raised on appeal as to that
question; moreover, the record before us is inadequate to review such an issue. 
However, I note that Czerny may still raise a complaint of ineffective assistance of
counsel in a post-conviction writ of habeas corpus where he may also create a record
pertaining to that failure.                                                                        




                                                                        Jim Sharp
                                                                        Justice
 

Panel consists of Justices Keyes, Sharp, and Massengale.
Do not publish. Tex. R. App. P. 47.2(b).