Opinion issued November 17, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00119-CR

———————————

Lakeshia Lavine, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 208th District Court 

Harris County, Texas



Trial Court Case No. 1172326

 



 

MEMORANDUM OPINION

          Lakeshia
Lavine pleaded guilty to the offense of murder.[1]  After a hearing on the return of a
presentence investigation report, the trial court found Lavine guilty and
assessed punishment at confinement for 25 years.  In her sole issue on appeal, Lavine contends
her guilty plea was not voluntary.   

          We
affirm.

Background

          A grand jury indicted Lavine
for murder.  She pleaded guilty without
an agreed recommendation as to punishment, but she and the State agreed that
her sentence would not exceed 30 years’ confinement.  The trial court deferred a finding of guilt
on Lavine’s plea and ordered the preparation of a presentence investigation
report.  With respect to the preparation
of the report, Lavine initialed the following waiver in the trial court’s
written admonishments:  

I understand that before
sentence may be imposed, the Court must order preparation of a Presentence
Investigation Report by the probation officer pursuant to Article 42.12, Sec.
9, V.A.C.C.P.  I have thoroughly
discussed this matter with my attorney and believe that for the Court to compel
me to participate in the preparation of such a report would abridge the
protection provided me by the Constitution of the United States and the
Constitution and laws of the State of Texas and could result in further
prejudice to me.  Therefore, I hereby in
writing respectfully decline to participate in the preparation of a Presentence
Investigation Report and request that said report not be made prior to the
imposition of sentence herein.  I further
knowingly, voluntarily, and intelligently waive any right which I may have to
the preparation of said report either under Article 42.12, Sec. 9, V.A.C.C.P.
or under Article 42.09, Sec. 8, V.A.C.C.P.

 

She also waived her right to have a court reporter
record her guilty plea and acknowledged that the plea was freely and
voluntarily made and that she understood its consequences. Lavine’s trial
counsel and the trial judge signed the same written admonishments.  

          The trial court acknowledged receipt of
the presentence investigation report before sentencing.  Thereafter, during the presentencing hearing,
Lavine affirmed that she did not want to withdraw her guilty plea.  Her trial counsel’s only objections to the
report were that it incorrectly stated a date in Lavine’s juvenile record and
incorrectly identified Lavine’s co-defendant. 


After hearing testimony about the
events giving rise to the complainant’s death, the trial court found Lavine
guilty and sentenced her to 25 years’ confinement.  The judgment recites that Lavine was properly
admonished and that it appeared to the trial court she freely and voluntarily
pleaded guilty and understood the consequences of that plea.  The trial court gave Lavine permission to
appeal.  See Tex. R. App. P.
25.2(a)(2)(B).    

Voluntariness of Guilty Plea

          In
her sole issue, Lavine argues her guilty plea was not voluntary because the
trial court’s written admonishment regarding the preparation of a presentence
investigation report was misleading.  She
asserts that the admonishment gave the false impression that she could decline
to participate in the preparation of the presentence investigation report and
could prevent one from being made before the imposition of sentence.

          “A
guilty plea constitutes a waiver of three constitutional rights:  the right to a jury trial, the right to confront
one’s accusers, and the right not to incriminate oneself.”  Kniatt
v. State, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  “The ‘overriding concern’
in reviewing the constitutional validity of a guilty plea is ‘whether a
defendant has been deprived of due process and due course of law.’”  Holland
v. State, 761 S.W.2d 307, 322 (Tex. Crim. App. 1988) (quoting Ex parte Lewis, 587 S.W.2d 697, 700
(Tex. Crim. App. 1979)).  To satisfy due
process, a guilty plea “must be entered knowingly, intelligently, and
voluntarily.”  Kniatt, 206 S.W.3d at 664; see
also Tex. Code Crim. Proc. Ann.
art. 26.13(b) (West 2011) (requiring that guilty plea be made voluntarily and
freely); Labib v. State, 239 S.W.3d
322, 332 (Tex. App.—Houston [1st Dist.] 2007, no pet.). 

When determining the voluntariness
of a guilty plea, we consider the record as a whole.  Martinez
v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam); Labib, 239 S.W.3d at 332.  When the record reflects that the defendant
was properly admonished by the trial court before pleading guilty, it presents
a prima facie showing that the plea was made freely and voluntarily.  Martinez,
981 S.W.2d at 197; Labib¸ 239 S.W.3d
at 332.  The burden then shifts to the
defendant to show she entered the plea without understanding its
consequences.  Labib, 239 S.W.3d at 332.  A
defendant who attests that she understands the nature of her plea and that it
was voluntary has a heavy burden on appeal to show that her plea was
involuntary.  Id.   

          Lavine
signed a plea agreement.  That agreement
contained several paragraphs of admonishments, waivers, and explanations of her
rights.  It informed Lavine of the charge
against her and the punishment range, that the trial court was not bound by the
sentencing cap agreed to by the State, and that her right to appeal may be
limited.  Lavine initialed each
paragraph, including one providing as follows: 


Joined by my counsel, I
state that I understand the foregoing admonishments and I am aware of the
consequences of my plea.  I am mentally
competent to stand trial and my plea is freely and voluntarily made.  

 

Lavine’s counsel also signed the agreement under a
paragraph stating that she “believe[d] that this document was executed by
[Lavine] knowingly and voluntarily and after [she] fully discussed it and its
consequences with [Lavine].”  Finally,
the trial judge certified that, 

[a]fter I admonished
[Lavine] of the consequences of [her] plea, I ascertained that [she] entered it
knowingly and voluntarily after discussing the case with [her] attorney.  It appears that [Lavine] is mentally
competent and the plea is free and voluntary.

 

The admonishment about which Lavine
complains on appeal relates to the preparation of a presentence investigation
report.  By her initials, she agreed to
waive participation in the preparation of the report and requested that it not
be prepared before her sentence was determined. 
However, that waiver does not in any way contradict the statements that
her plea was freely and voluntarily made. 
We presume that the recitals in the plea agreement are correct, and we
conclude that the written waivers and admonishments present a prima facie
showing that Lavine knowingly and voluntarily pleaded guilty.  See
Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984); see also Labib, 239 S.W.3d at 332.  Lavine therefore bears the heavy burden of
showing otherwise.  See Labib, 239 S.W.3d at 332. 


Even assuming she mistakenly
believed that a presentence investigation report would not be prepared before
the trial court determined her sentence, Lavine has not shown that she would
not have pleaded guilty had she known that the presentence investigation report
would be prepared.  Instead, the record
reflects that she actually participated in the presentence investigation
report, knew the trial court had received the completed report at the time the
sentencing hearing commenced, and then affirmed that she still wished to plead
guilty after the report was prepared. 
Her trial counsel made no objection to either her participation in the
preparation of the report or its admission and the consideration of her
statements therein.  And, the trial court
imposed a sentence that was less than the cap agreed to by Lavine and the
State.  On this record, we conclude that
Lavine has not carried her heavy burden of demonstrating that he plea was
involuntary.  

          Accordingly,
we overrule Lavine’s sole issue.

Conclusion

          We
affirm the trial court’s judgment.  All
outstanding motions are dismissed as moot.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).

 











[1]           See
Tex. Penal Code Ann. § 19.02
(West 2011).