COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS







EX PARTE: LUIS GANDARA.

§
 
§
 
§
 
§
 
§

§


No. 08-10-00234-CR

Appeal from
 Criminal District Court No. 1

of El Paso County, Texas

(TC # 20060D05186-384-1)



 

 

 




O P I N I O N

            Luis Gandara appeals from an order denying his application for writ of habeas corpus. For
the reasons that follow, we affirm.
FACTUAL SUMMARY
            On September 13, 2006, El Paso County Deputy Sheriff David Carroll was on patrol in a
marked unit when he observed a vehicle driven by Appellant turn from a public street into an alley
without first signaling his intent to turn. Carroll initiated a traffic stop and made contact with the
driver. Carroll did a warrants check and placed Appellant under arrest on four outstanding traffic
warrants. The passenger, Norman Hardy, was arrested for possession of cocaine. At the scene,
Hardy told Carroll that he had bought the cocaine from Appellant and that more cocaine was hidden
in the vehicle. Carroll transported Appellant to the Vinton patrol station and inventoried Appellant’s
personal belongings, including his wallet. Carroll found three clear baggies of cocaine inside the
wallet and placed Appellant under arrest for possessing more than one but less than four ounces of
cocaine. He also found approximately $500 on Appellant’s person and scattered throughout the front
seat of the vehicle, but he did not find any cocaine in the vehicle.
            A grand jury indicted Appellant for possession of cocaine. He waived his right to a jury trial
and entered a negotiated plea of guilty on April 16, 2007. Pursuant to the plea bargain agreement,
the trial court deferred adjudicating Appellant’s guilt and placed him on deferred adjudication
community supervision for four years. 
            Facing deportation, Appellant filed a writ application pursuant to Article 11.072 of the Code
of Criminal Procedure on January 27, 2010. Appellant alleged that his trial counsel, Ruben Ortiz,
provided ineffective assistance because he did not pursue a motion to suppress the cocaine and he
did not advise him of his right to an Article 38.23 jury instruction. Additionally, he asserted that trial
counsel’s deficient performance rendered his guilty plea involuntary. In support of his writ
application, Appellant attached the trial court’s docket sheets, the offense reports prepared by
Carroll, the guilty plea papers, a copy of the motion to suppress evidence filed by Ortiz, and a copy
of the waiver of evidentiary hearing on the motion to suppress signed by Appellant and Ortiz. In its
answer, the State contended that Appellant had failed to sustain his burden of proving ineffective
assistance of counsel. Attached to the State’s answer were Carroll’s offense reports and probable
cause statement. Ortiz later filed his affidavit responding to Appellant’s. On June 10, 2010, the trial
court denied relief without an evidentiary hearing and the court entered written findings of fact and
conclusions of law as required by Article 11.072. See Tex.Code Crim.Proc.Ann. art. 11.072, § 7
(West 2005).
 

AFFIDAVIT OF TRIAL COUNSEL
            In his first issue, Appellant asserts that the affidavit of trial counsel is incompetent under
Rule 602 of the Texas Rules of Evidence because Ortiz lacked personal knowledge. The State
responds that this complaint is waived because Appellant failed to raise this objection at any point
during the habeas proceeding below. We agree.
            At Appellant’s request, an evidentiary hearing was set for April 29, 2010. Ortiz’s affidavit
had been filed that same day. Appellant moved for a continuance on the ground that he required
additional time to prepare for the hearing given that he had received the affidavit earlier that day. 
The court granted the motion and re-set the evidentiary hearing for June 3, 2010. Appellant did not
raise any objection to the affidavit prior to the next setting. At the June 3, 2010 hearing, the parties
appeared before the court and Appellant again did not state any objection to trial counsel’s affidavit. 
Appellant requested another continuance and the court granted his motion. A few days later, the case
was transferred from the 384th District Court to Criminal District Court Number One and the judge
of that court denied habeas relief without an evidentiary hearing. Despite having approximately one
month to review Ortiz’s affidavit from the time it was first filed until the next hearing, Appellant
never objected to trial counsel’s affidavit or otherwise made his complaint known to the trial court. 
            To preserve a complaint for appellate review, the record must show that the complaint was
made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling
that the complaining party sought from the trial court with sufficient specificity to make the court
aware of the complaint. Tex.R.App.P. 33.1; Peralta v. State, 338 S.W.3d 598, 609 (Tex.App.--El
Paso 2010, no pet.). By failing to object to the affidavit on the grounds raised on appeal, Appellant
failed to preserve his complaint for our review. See Bunton v. State, 136 S.W.3d 355, 366
(Tex.App.--Austin 2004, pet. ref’d)(failure to raise an objection based on Rule 602 or the witness’s
lack of personal knowledge constituted waiver of issue raised on appeal). Issue One is overruled. 
                                     INEFFECTIVE ASSISTANCE OF COUNSEL
            In his second, third, and fifth issues, Appellant contends that the trial court erred by
concluding that he did not establish ineffective assistance of counsel. More specifically, he alleges
in Issue Two that trial counsel rendered ineffective assistance by failing to investigate the facts
related to the suppression issues and by failing to pursue the motion to suppress. In Issue Three, he
complains that trial counsel failed to advise him that he could present the suppression issue to the
jury by means of an Article 38.23 instruction. In his fifth issue, Appellant argues that counsel was
ineffective because he failed to challenge the investigate detention on the ground that the officer
handcuffed Appellant shortly after stopping the vehicle.
Standard of Review
            To prevail in a post-conviction writ of habeas corpus proceeding, the applicant bears the
burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. 
Ex parte Richardson, 70 S.W.3d 865, 870 (Tex.Crim.App. 2002). In a habeas proceeding, the trial
court is the sole judge of the credibility of the witnesses and the weight to be given their testimony,
and the court may accept some, all, or none of a witness’s testimony. See Ex parte Peterson, 117
S.W.3d 804, 819 n.68 (Tex.Crim.App. 2003), overruled on other grounds by Ex parte Lewis, 219
S.W.3d 335 (Tex.Crim.App. 2007). In reviewing a trial judge’s decision to grant or deny habeas
relief, we afford almost total deference to the trial judge’s determination of the historical facts
supported by the record, especially when the fact findings are based on an evaluation of credibility
and demeanor. Ex parte Peterson, 117 S.W.3d at 819. We afford that same level of deference to
a trial court’s ruling on application of law to fact questions, also known as mixed questions of law
and fact, if the resolution of those ultimate questions turns on an evaluation of credibility and
demeanor. Id. We review de novo those mixed questions of law and fact that do not depend upon
evaluation of credibility and demeanor. Id.
Relevant Law
            The standard for determining claims of ineffective assistance under the Sixth Amendment
is the two-step analysis adopted by the United States Supreme Court in Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Ex parte Varelas, 45 S.W.3d 627, 629
(Tex.Crim.App. 2001); Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under
the first prong, the habeas applicant must show that counsel’s performance was deficient. Strickland,
466 U.S. at 687, 104 S.Ct. at 2064; Ex parte Varelas, 45 S.W.3d at 629. To satisfy this prong, the
habeas applicant must demonstrate that counsel’s performance fell below an objective standard of
reasonableness, as judged on the facts of a particular case and viewed at the time of counsel’s
conduct. See Strickland, 466 U.S. at 688, 690, 104 S.Ct. at 2066; Ex parte Varelas, 45 S.W.3d at
629. Under the second prong, the applicant must establish that counsel’s deficient performance
prejudiced the defense at trial. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Ex parte Varelas, 45
S.W.3d at 629. It is not enough for the applicant to show that the errors had some conceivable effect
on the outcome of the proceeding. Strickland, 466 U.S. at 693, 104 S.Ct. at 2067; Ex parte Varelas,
45 S.W.3d at 629. Rather, applicant must show there is a reasonable probability that the result of
the proceeding would have been different but for the errors made by counsel. See Strickland, 466
U.S. at 694, 104 S.Ct. at 2068; Ex parte Varelas, 45 S.W.3d at 629. A reasonable probability is a
probability sufficient to undermine confidence in the outcome. See Strickland, 466 U.S. at 694, 104
S.Ct. at 2068; Ex parte Varelas, 45 S.W.3d at 629. 
Failure to Investigate
            We will first address Appellant’s claim that he was denied the effective assistance of counsel
because trial counsel failed to investigate the facts related to the suppression issue. Appellant alleges
that Ortiz did not interview Appellant extensively and instead simply relied on the evidence in the
State’s case file in determining the facts related to the suppression issues. 
            The record reflects that counsel filed a motion to suppress the evidence on the ground that
Appellant was arrested without a warrant and without probable cause or reasonable suspicion. 
Appellant and trial counsel later waived an evidentiary hearing on the motion. Ortiz addressed the
extent of his investigation and his reasons for not pursuing the motion to suppress in his affidavit:
As is my customary practice, I met with Mr. Gandara and discussed the facts
and circumstances of the offense with him. Based upon what he told me, I filed a
motion to suppress the cocaine. Also as is my customary practice, I requested testing
on the cocaine and obtained a lab report. I also spoke with the prosecutor and read
the District Attorney case file.
 
Based upon my conferences with my client, my discussions with the
prosecutor, my review of the evidence, and my review of all the information before
me and the relevant case law, and any conferences that I may have had with Mario
Ortiz and/or Jorge Lopez [associate attorneys], I made a strategic decision not to
pursue the motion to suppress because I believe that there were no meritorious issues
to raise during the time of the hearing. Specifically, the arguments raised by
Mr. Lucas and/or Mr. Millan that the officer lacked reasonable suspicion to detain
Mr. Gandara for committing a traffic violation and that the detention exceeded the
scope of the stop did not seem to be credible arguments during a suppression hearing
in the Drug Impact Court at that time since the evidence that I reviewed showed that
Mr. Gandara was pulled over for a valid traffic violation and after the traffic violation
it was discovered that Mr. Gandara had outstanding arrest warrants and it was not
until after Mr. Gandara was being booked, that the cocaine was found inside his
wallet. In my opinion, under these facts and circumstances, and based upon the law,
the cocaine would not have been suppressed.
 
My standard practice in dealing with suppression motions is to pursue it to
the fullest extent if, based upon my professional legal opinion, there is even the
slightest chance that we will prevail or if the issues involve undeveloped or gray
areas of law. If we had not had the significant hurdle of the fact that the cocaine was
found in his wallet when Mr. Gandara was booked into jail on his multiple
outstanding arrest warrants, we might have given the suppression more consideration. 
Unfortunately, there were no meritorious issues to raise, and therefore, I made a
strategic decision not to pursue it. And I do not believe that a court would have
granted suppression on the grounds claimed by Mr. Gandara in his writ application.
 
I am aware that Mr. Gandara has claimed that there were other facts and
circumstances that would have shown this to be an unlawful pretext stop, including
that he was engaged in activities consistent with narcotics trafficking. Pretext stops
are not unlawful. I do not specifically recall whether I was aware of any of these
allegations, but I believe, based upon my review of everything before me and my
customary practice, that it would have been even less likely that suppression would
have been granted if we would of [sic] put that evidence in front of the Impact Court
Judge. As I previously stated, pretext stops are lawful, and the trial judge would have
been put on notice that Mr. Gandara had been observed engaging in narcotics
trafficking, in my opinion, that information would have strengthened the prosecutions
case against Mr. Gandara, during both, a suppression hearing and/or a jury trial. 

            A criminal defense attorney has a duty to make an independent investigation of the facts of
a case, which includes seeking out and interviewing potential witnesses. Ex parte Welborn, 785
S.W.2d 391, 393 (Tex.Crim.App. 1990). A breach of the duty to investigate may result in a finding
of ineffective assistance “where the result is that any viable defense available to the accused is not
advanced.” Ex parte Ybarra, 629 S.W.2d 943, 946 (Tex.Crim.App. 1982). A particular decision
not to investigate must be directly assessed for reasonableness in all the circumstances, applying a
heavy measure of deference to counsel’s judgments. Wiggins v. Smith, 539 U.S. 510, 521-22, 123
S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); Strickland, 466 U.S. at 691, 104 S.Ct. at 2066. 
            Contrary to Appellant’s assertions that Ortiz relied solely on the State’s file and did not
investigate the facts related to the suppression issues, the affidavit reflects that Ortiz had conferences
with his client in addition to reviewing the State’s file. Based upon this investigation of the facts,
Ortiz concluded that the initial stop was valid and the cocaine was not discovered until after
Appellant had been taken into custody on outstanding arrest warrants. The record does not support
Appellant’s assertion that Ortiz failed to interview Appellant regarding the facts related to the
suppression issues.
Failure to Pursue Motion to Suppress
            We turn now to Appellant’s complaint that he was denied the effective assistance of counsel
because counsel failed to pursue the motion to suppress the cocaine. To satisfy his burden under
Strickland, Appellant was required to prove that a motion to suppress would have been granted. 
Jackson v. State, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998); see Roberson v. State, 852 S.W.2d
508, 510-12 (Tex.Crim.App. 1993)(unless there is a showing that a pretrial motion had merit and
that a ruling on the motion would have changed the outcome of the case, counsel will not be
ineffective for failing to assert the motion). Appellant had the burden to produce evidence that
defeats the presumption of proper police conduct. Jackson, 973 S.W.2d at 957.
            A law enforcement officer may lawfully stop a motorist who commits a traffic violation in
the officer’s presence. See Garcia v. State, 827 S.W.2d 937, 944 (Tex.Crim.App. 1992); Tex.Code
Crim.Proc.Ann. art. 14.01(b)(“A peace officer may arrest an offender without a warrant for any
offense committed in his presence or within his view.”); Tex.Transp.Code Ann. § 543.001 (West
2011)(“Any peace officer may arrest without warrant a person found committing a violation of this
subtitle.”). The decision to stop an automobile is reasonable when an officer has probable cause to
believe that a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 810, 116 S.Ct.
1769, 1772, 135 L.Ed.2d 89 (1996); Walter v. State, 28 S.W.3d 538, 542 (Tex.Crim.App. 2000). 
During a routine traffic stop, an officer is permitted to detain the individual in order to check for
outstanding warrants. Walter, 28 S.W.3d at 542.
            Section 545.104 of the Transportation Code provides:
(a) An operator shall use the signal authorized by Section 545.106


 to indicate an
intention to turn, change lanes, or start from a parked position.
 
(b) An operator intending to turn a vehicle right or left shall signal continuously for
not less than the last 100 feet of movement of the vehicle before the turn.

Tex.Transp.Code Ann. § 545.104. The offense reports attached to Appellant’s writ application
and the State’s answer reflect that Carroll observed Appellant make a left turn without signaling his
intent to do so. Appellant alleged in his sworn writ application that he signaled his intent to turn. 
More specifically, he stated that: “Upon entering FM 259, [Appellant] proceeded about 50 feet
before he came to a stop and activated his left-hand turn signal for the purpose of signaling his intent
to turn onto a dirt road which ran next to a canal.” The trial court found that nothing in the record
substantiated Appellant’s assertion that he had not committed a traffic violation and his allegation
in that regard was not credible. The court also concluded, based on Appellant’s statement in his writ
application, that he did not signal his intent to turn until he had already stopped at the intersection. 
From this evidence, the court concluded that Appellant’s writ application objectively established that
he committed a traffic violation by failing to continuously signal his intent to turn 100 feet before
the turn as required by Section 545.104(b) of the Transportation Code. Viewing the trial court’s
findings of fact with the appropriate amount of deference, we conclude that the trial court correctly
determined that Appellant failed to show that his motion to suppress would have been granted. From
these same fact findings, we conclude that Carroll had probable cause to stop Appellant for a traffic
violation. See Tex.Transp.Code Ann. § 545.104(a), (b). An attorney does not render deficient
performance by failing to pursue a motion to suppress which lacks merit. See Ex parte White, 160
S.W.3d 46, 53 (Tex.Crim.App. 2004)(trial counsel is not ineffective for failing to make futile
objections); Mooney v. State, 817 S.W.2d 693, 698 (Tex.Crim.App. 1991)(counsel is not required
to file futile motions). Issue Two is overruled.
Article 38.23 Instruction
            In his third issue, Appellant alleges that trial counsel failed to advise him that he could
present the suppression issue to the jury by means of an Article 38.23 instruction. A defendant’s
right to the submission of jury instructions under Article 38.23(a) is limited to disputed issues of fact
that are material to his claim of a constitutional or statutory violation that would render evidence
inadmissible. Madden v. State, 242 S.W.3d 504, 509-10 (Tex.Crim.App. 2007). There is no issue
for the jury when the question is one of law only. Pierce v. State, 32 S.W.3d 247, 251
(Tex.Crim.App. 2000). The terms of the statute are mandatory, and when an issue of fact is raised,
a defendant has a statutory right to have the jury charged accordingly. Madden, 242 S.W.3d at 510. 
The only question is whether under the facts of a particular case an issue has been raised by the
evidence so as to require a jury instruction. Id. Where no issue is raised by the evidence, the trial
court acts properly in refusing a request to charge the jury. Id.
            Appellant’s writ application failed to raise any issue of material fact that would have required
submission of an Article 38.23 instruction. In his writ application, Appellant asserted that he
signaled his intent to turn as follows: “Upon entering FM 259, [Appellant] proceeded about 50 feet
before he came to a stop and activated his left-hand turn signal for the purpose of signaling his intent
to turn onto a dirt road which ran next to a canal.” Rather than demonstrating he did not violate
Section 545.104, this statement shows that Appellant did not signal continuously for not less than
the last 100 feet of movement of the vehicle before the turn as required by Section 545.104(b).
            Appellant has therefore failed to show that he would have been entitled to an Article 38.23
instruction had he exercised his right to a jury trial. Consequently, his ineffective assistance of
counsel claim also fails. Issue Three is overruled.
Scope of the Detention
            In his fifth issue, Appellant asserts that trial counsel was ineffective because he failed to
pursue a motion to suppress on the ground that the officer placed Appellant in handcuffs during the
traffic stop. Appellant alleged in his writ application that the officer, shortly after stopping the
vehicle and before commencing a warrants check, ordered Appellant out of the car and handcuffed
him. Appellant further alleged that the officer searched his vehicle by “tearing up panels on the
inside of the vehicle.” The officer’s written reports do not reflect that he handcuffed Appellant prior
to placing him under formal arrest based on the outstanding warrants. While the officer’s report
reflects that officers searched Appellant’s vehicle, it does not state whether the search was conducted
before or after Appellant’s arrest on the warrants. Appellant states in his brief that his factual
assertions regarding the handcuffing and search of his vehicle have not been controverted by trial
counsel and he suggests that the facts must be accepted as true. Appellant does not cite any authority
in support of his claim that his writ allegations must be accepted as true if trial counsel fails to
specifically contradict each assertion of fact. See Tex.R.App.P. 38.1(I). Further, the State disputes
Appellant’s assessment of trial counsel’s affidavit.
            In his affidavit, Ortiz concluded, based on his review of his own case file and the State’s file,
that there were no meritorious suppression issues to raise. Additionally, he averred that Appellant’s
assertion that the detention exceeded the scope of the stop lacked credibility since the evidence that
counsel reviewed showed that Appellant was stopped for a valid traffic violation. Ortiz also stated
that Appellant’s writ allegations were false, baseless, and frivolous. Contrary to Appellant’s
assertions, trial counsel disputed the veracity of Appellant’s factual claims regarding whether the
officer exceeded the scope of the detention.
            The trial court made the following findings of fact related to this allegation:
32. The record reflects that the applicant was arrested pursuant to four outstanding
arrest warrants.

. . .
 
58. This Court finds not credible the applicant’s allegations that the officer
committed any of the acts he alleges exceeded the lawful scope of the detention. 

. . .
 
76. Other than his uncorroborated allegation, nothing in the record or his attached
exhibits substantiates his allegation that shortly after the traffic stop, the officer
ordered him out of the car, patted him down, and handcuffed him.
 
77. This Court finds not credible the applicant’s allegation that shortly after the
traffic stop, the officer ordered him out of the car, patted him down, and handcuffed
him.
 
78. This Court finds not credible the applicant’s allegations that the officer engaged
in any of the conduct the applicant alleges to have exceeded the scope of the
detention.
 
79. Even if the applicant was handcuffed, nothing in the record shows the reason
why he was placed in handcuffs.
 
80. Nothing in the record shows whether he was handcuffed before or after the
officer learned of his outstanding arrest warrants.
 
81. Other than the act of handcuffing the applicant, the applicant does not argue what
other facts might have shown that the detention had escalated into an arrest.
 
82. The police report in this case states that the applicant was ‘placed under arrest
for four outstanding Sherriff’s [sic] Office traffic warrants.... ’
 
83. The applicant’s claim that a motion to suppress on the grounds that the officer
arrested him without probable cause constitutes mere speculation that the trial court
would have found credible his assertion that the officer promptly arrested him for no
reason.
 
84. The applicant has failed to substantiate his speculative claim that this Court
would have found credible his assertion that the officer promptly arrested him for no
reason and without probable cause and would have granted the suppression motion.
 
85. The applicant’s failure to signal his intent to turn left gave the officer probable
cause to arrest him for committing a traffic violation in his presence. 

Appellant has not specifically challenged any of the trial court’s findings of fact. As the trier of fact,
the trial court was free to disbelieve Appellant’s unsubstantiated account of the events surrounding
the traffic stop and his subsequent arrest pursuant to four outstanding warrants. Even if the trial
court accepted Appellant’s claim that the officer handcuffed him shortly after stopping him for the
traffic violation, the court would not have been required to find that Appellant had been arrested
without probable cause because the officer was authorized to arrest Appellant without a warrant for
the traffic violation committed in the officer’s view. See Tex.Transp.Code Ann. § 543.001;
Tex.Code Crim.Proc.Ann. art. 14.01(b); Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121
S.Ct. 1536, 1557, 149 L.E.2d 549 (2001)(holding that police were authorized to arrest motorist and
take her into custody for violating provision of Texas Transportation Code requiring motorist to wear
seat belt). Having failed to establish that his motion to suppress would have been granted, Appellant
has not satisfied Strickland’s requirements. Issue Five is overruled.
VOLUNTARINESS OF THE GUILTY PLEA
            In his fourth issue, Appellant argues that the trial court erred by not setting aside his guilty
plea because it is the product of ineffective assistance of counsel on the grounds alleged in Issues
Two, Three, and Five.


 The constitutional key to validity of a guilty plea is that it be voluntary and
intelligently made and, if upon advice of an attorney, that counsel be reasonably competent and
render effective assistance. Meyers v. State, 623 S.W.2d 397, 401 (Tex.Crim.App. 1981), citing
Brady v. United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The purpose of
Article 26.13 of the Texas Code of Criminal Procedure is to ensure that only a constitutionally valid
plea is entered and accepted by the judge of the trial court. Meyers, 623 S.W.2d at 402. This article
requires a trial court to admonish a criminal defendant of certain facts and rights prior to accepting
a plea of guilty. Tex.Code Crim.Proc.Ann. art. 26.13 (West 2009). A record that indicates that
the trial court properly admonished the defendant presents a prima facie showing that the guilty plea
was made voluntarily and knowingly. Labib v. State, 239 S.W.3d 322, 332 (Tex.App.--Houston [1st
Dist.] 2007, no pet.), citing Martinez v. State, 981 S.W.2d 195, 197 (Tex.Crim.App. 1998). A guilty
plea is not voluntary if made as a result of ineffective assistance of counsel, because it does not
represent an informed choice. Ex parte Burns, 601 S.W.2d 370, 372 (Tex.Crim.App. 1980).
            The record reflects that the trial court properly admonished Appellant in accordance with
Article 26.13. Consequently, the burden shifted to Appellant to show that he entered the plea
without understanding the consequences. See Mallett v. State, 65 S.W.3d 59, 64 (Tex.Crim.App.
2001). Appellant’s claim of involuntariness is based solely on his allegations of ineffective
assistance of counsel. We have already determined that Appellant failed to establish his claims of
ineffective assistance addressed in Issues Two, Three, and Five. Accordingly, we conclude that
Appellant failed to show that he entered his guilty plea without understanding the consequences. 
We overrule Issue Four and affirm the judgment of the trial court denying habeas corpus relief.


November 30, 2011                                         
                                                                        ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)