COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-10-00234-CR |
| | § | |
| EX PARTE: LUIS GANDARA. | § | Appeal from |
| | § | Criminal District Court No. 1 |
| | § | of El Paso County, Texas |
| | § | (TC # 20060D05186-384-1) |
| | § | |

**O P I N I O N**

Luis Gandara appeals from an order denying his application for writ of habeas corpus. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On September 13, 2006, El Paso County Deputy Sheriff David Carroll was on patrol in a marked unit when he observed a vehicle driven by Appellant turn from a public street into an alley without first signaling his intent to turn. Carroll initiated a traffic stop and made contact with the driver. Carroll did a warrants check and placed Appellant under arrest on four outstanding traffic warrants. The passenger, Norman Hardy, was arrested for possession of cocaine. At the scene, Hardy told Carroll that he had bought the cocaine from Appellant and that more cocaine was hidden in the vehicle. Carroll transported Appellant to the Vinton patrol station and inventoried Appellant's personal belongings, including his wallet. Carroll found three clear baggies of cocaine inside the wallet and placed Appellant under arrest for possessing more than one but less than four ounces of cocaine. He also found approximately $500 on Appellant's person and scattered throughout the front seat of the vehicle, but he did not find any cocaine in the vehicle.

A grand jury indicted Appellant for possession of cocaine. He waived his right to a jury trial and entered a negotiated plea of guilty on April 16, 2007. Pursuant to the plea bargain agreement, the trial court deferred adjudicating Appellant's guilt and placed him on deferred adjudication community supervision for four years.

Facing deportation, Appellant filed a writ application pursuant to Article 11.072 of the Code of Criminal Procedure on January 27, 2010. Appellant alleged that his trial counsel, Ruben Ortiz, provided ineffective assistance because he did not pursue a motion to suppress the cocaine and he did not advise him of his right to an Article 38.23 jury instruction. Additionally, he asserted that trial counsel's deficient performance rendered his guilty plea involuntary. In support of his writ application, Appellant attached the trial court's docket sheets, the offense reports prepared by Carroll, the guilty plea papers, a copy of the motion to suppress evidence filed by Ortiz, and a copy of the waiver of evidentiary hearing on the motion to suppress signed by Appellant and Ortiz. In its answer, the State contended that Appellant had failed to sustain his burden of proving ineffective assistance of counsel. Attached to the State's answer were Carroll's offense reports and probable cause statement. Ortiz later filed his affidavit responding to Appellant's. On June 10, 2010, the trial court denied relief without an evidentiary hearing and the court entered written findings of fact and conclusions of law as required by Article 11.072. *See* TEX.CODE CRIM.PROC.ANN. art. 11.072, § 7 (West 2005).

## AFFIDAVIT OF TRIAL COUNSEL

In his first issue, Appellant asserts that the affidavit of trial counsel is incompetent under Rule 602 of the Texas Rules of Evidence because Ortiz lacked personal knowledge. The State responds that this complaint is waived because Appellant failed to raise this objection at any point during the habeas proceeding below. We agree.

At Appellant's request, an evidentiary hearing was set for April 29, 2010. Ortiz's affidavit had been filed that same day. Appellant moved for a continuance on the ground that he required additional time to prepare for the hearing given that he had received the affidavit earlier that day. The court granted the motion and re-set the evidentiary hearing for June 3, 2010. Appellant did not raise any objection to the affidavit prior to the next setting. At the June 3, 2010 hearing, the parties appeared before the court and Appellant again did not state any objection to trial counsel's affidavit. Appellant requested another continuance and the court granted his motion. A few days later, the case was transferred from the 384th District Court to Criminal District Court Number One and the judge of that court denied habeas relief without an evidentiary hearing. Despite having approximately one month to review Ortiz's affidavit from the time it was first filed until the next hearing, Appellant never objected to trial counsel's affidavit or otherwise made his complaint known to the trial court.

To preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the court aware of the complaint. TEX.R.APP.P. 33.1; *Peralta v. State*, 338 S.W.3d 598, 609 (Tex.App.--El Paso 2010, no pet.). By failing to object to the affidavit on the grounds raised on appeal, Appellant failed to preserve his complaint for our review. *See Bunton v. State*, 136 S.W.3d 355, 366 (Tex.App.--Austin 2004, pet. ref'd)(failure to raise an objection based on Rule 602 or the witness's

lack of personal knowledge constituted waiver of issue raised on appeal). Issue One is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second, third, and fifth issues, Appellant contends that the trial court erred by concluding that he did not establish ineffective assistance of counsel. More specifically, he alleges in Issue Two that trial counsel rendered ineffective assistance by failing to investigate the facts related to the suppression issues and by failing to pursue the motion to suppress. In Issue Three, he complains that trial counsel failed to advise him that he could present the suppression issue to the jury by means of an Article 38.23 instruction. In his fifth issue, Appellant argues that counsel was ineffective because he failed to challenge the investigate detention on the ground that the officer handcuffed Appellant shortly after stopping the vehicle.

*Standard of Review*

To prevail in a post-conviction writ of habeas corpus proceeding, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex.Crim.App. 2002). In a habeas proceeding, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and the court may accept some, all, or none of a witness's testimony. *See Ex parte Peterson*, 117 S.W.3d 804, 819 n.68 (Tex.Crim.App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex.Crim.App. 2007). In reviewing a trial judge's decision to grant or deny habeas relief, we afford almost total deference to the trial judge's determination of the historical facts supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Ex parte Peterson*, 117 S.W.3d at 819. We afford that same level of deference to a trial court's ruling on application of law to fact questions, also known as mixed questions of law and fact, if the resolution of those ultimate questions turns on an evaluation of credibility and

demeanor. *Id.* We review *de novo* those mixed questions of law and fact that do not depend upon evaluation of credibility and demeanor. *Id.*

*Relevant Law*

The standard for determining claims of ineffective assistance under the Sixth Amendment is the two-step analysis adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Ex parte Varelas*, 45 S.W.3d 627, 629 (Tex.Crim.App. 2001); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the habeas applicant must show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Ex parte Varelas*, 45 S.W.3d at 629. To satisfy this prong, the habeas applicant must demonstrate that counsel's performance fell below an objective standard of reasonableness, as judged on the facts of a particular case and viewed at the time of counsel's conduct. *See Strickland*, 466 U.S. at 688, 690, 104 S.Ct. at 2066; *Ex parte Varelas*, 45 S.W.3d at 629. Under the second prong, the applicant must establish that counsel's deficient performance prejudiced the defense at trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Ex parte Varelas*, 45 S.W.3d at 629. It is not enough for the applicant to show that the errors had some conceivable effect on the outcome of the proceeding. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Ex parte Varelas*, 45 S.W.3d at 629. Rather, applicant must show there is a reasonable probability that the result of the proceeding would have been different but for the errors made by counsel. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Ex parte Varelas*, 45 S.W.3d at 629. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Ex parte Varelas*, 45 S.W.3d at 629.

*Failure to Investigate*

We will first address Appellant's claim that he was denied the effective assistance of counsel

because trial counsel failed to investigate the facts related to the suppression issue. Appellant alleges that Ortiz did not interview Appellant extensively and instead simply relied on the evidence in the State's case file in determining the facts related to the suppression issues.

The record reflects that counsel filed a motion to suppress the evidence on the ground that Appellant was arrested without a warrant and without probable cause or reasonable suspicion. Appellant and trial counsel later waived an evidentiary hearing on the motion. Ortiz addressed the extent of his investigation and his reasons for not pursuing the motion to suppress in his affidavit:

> As is my customary practice, I met with Mr. Gandara and discussed the facts and circumstances of the offense with him. Based upon what he told me, I filed a motion to suppress the cocaine. Also as is my customary practice, I requested testing on the cocaine and obtained a lab report. I also spoke with the prosecutor and read the District Attorney case file.
>
> Based upon my conferences with my client, my discussions with the prosecutor, my review of the evidence, and my review of all the information before me and the relevant case law, and any conferences that I may have had with Mario Ortiz and/or Jorge Lopez [associate attorneys], I made a strategic decision not to pursue the motion to suppress because I believe that there were no meritorious issues to raise during the time of the hearing. Specifically, the arguments raised by Mr. Lucas and/or Mr. Millan that the officer lacked reasonable suspicion to detain Mr. Gandara for committing a traffic violation and that the detention exceeded the scope of the stop did not seem to be credible arguments during a suppression hearing in the Drug Impact Court at that time since the evidence that I reviewed showed that Mr. Gandara was pulled over for a valid traffic violation and after the traffic violation it was discovered that Mr. Gandara had outstanding arrest warrants and it was not until after Mr. Gandara was being booked, that the cocaine was found inside his wallet. In my opinion, under these facts and circumstances, and based upon the law, the cocaine would not have been suppressed.
>
> My standard practice in dealing with suppression motions is to pursue it to the fullest extent if, based upon my professional legal opinion, there is even the slightest chance that we will prevail or if the issues involve undeveloped or gray areas of law. If we had not had the significant hurdle of the fact that the cocaine was found in his wallet when Mr. Gandara was booked into jail on his multiple outstanding arrest warrants, we might have given the suppression more consideration. Unfortunately, there were no meritorious issues to raise, and therefore, I made a strategic decision not to pursue it. And I do not believe that a court would have granted suppression on the grounds claimed by Mr. Gandara in his writ application.

I am aware that Mr. Gandara has claimed that there were other facts and circumstances that would have shown this to be an unlawful pretext stop, including that he was engaged in activities consistent with narcotics trafficking. Pretext stops are not unlawful. I do not specifically recall whether I was aware of any of these allegations, but I believe, based upon my review of everything before me and my customary practice, that it would have been even less likely that suppression would have been granted if we would of [sic] put that evidence in front of the Impact Court Judge. As I previously stated, pretext stops are lawful, and the trial judge would have been put on notice that Mr. Gandara had been observed engaging in narcotics trafficking, in my opinion, that information would have strengthened the prosecutions case against Mr. Gandara, during both, a suppression hearing and/or a jury trial.

A criminal defense attorney has a duty to make an independent investigation of the facts of a case, which includes seeking out and interviewing potential witnesses. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex.Crim.App. 1990). A breach of the duty to investigate may result in a finding of ineffective assistance "where the result is that any viable defense available to the accused is not advanced." *Ex parte Ybarra*, 629 S.W.2d 943, 946 (Tex.Crim.App. 1982). A particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments. *Wiggins v. Smith*, 539 U.S. 510, 521-22, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066.

Contrary to Appellant's assertions that Ortiz relied solely on the State's file and did not investigate the facts related to the suppression issues, the affidavit reflects that Ortiz had conferences with his client in addition to reviewing the State's file. Based upon this investigation of the facts, Ortiz concluded that the initial stop was valid and the cocaine was not discovered until after Appellant had been taken into custody on outstanding arrest warrants. The record does not support Appellant's assertion that Ortiz failed to interview Appellant regarding the facts related to the suppression issues.

*Failure to Pursue Motion to Suppress*

We turn now to Appellant's complaint that he was denied the effective assistance of counsel

because counsel failed to pursue the motion to suppress the cocaine. To satisfy his burden under *Strickland*, Appellant was required to prove that a motion to suppress would have been granted. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998); *see Roberson v. State*, 852 S.W.2d 508, 510-12 (Tex.Crim.App. 1993)(unless there is a showing that a pretrial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion). Appellant had the burden to produce evidence that defeats the presumption of proper police conduct. *Jackson*, 973 S.W.2d at 957.

A law enforcement officer may lawfully stop a motorist who commits a traffic violation in the officer's presence. *See Garcia v. State*, 827 S.W.2d 937, 944 (Tex.Crim.App. 1992); TEX.CODE CRIM.PROC.ANN. art. 14.01(b)("A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."); TEX.TRANSP.CODE ANN. § 543.001 (West 2011)("Any peace officer may arrest without warrant a person found committing a violation of this subtitle."). The decision to stop an automobile is reasonable when an officer has probable cause to believe that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996); *Walter v. State*, 28 S.W.3d 538, 542 (Tex.Crim.App. 2000). During a routine traffic stop, an officer is permitted to detain the individual in order to check for outstanding warrants. *Walter*, 28 S.W.3d at 542.

Section 545.104 of the Transportation Code provides:

(a) An operator shall use the signal authorized by Section 545.106[1] to indicate an intention to turn, change lanes, or start from a parked position.

(b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

---

[1] Section 545.106(a) provides for the use of hand and arm or signal lamp when an operator is required to give a stop or turn signal. TEX.TRANSP.CODE ANN. § 545.106(a).

TEX.TRANSP.CODE ANN. § 545.104. The offense reports attached to Appellant's writ application and the State's answer reflect that Carroll observed Appellant make a left turn without signaling his intent to do so. Appellant alleged in his sworn writ application that he signaled his intent to turn. More specifically, he stated that: "Upon entering FM 259, [Appellant] proceeded about 50 feet before he came to a stop and activated his left-hand turn signal for the purpose of signaling his intent to turn onto a dirt road which ran next to a canal." The trial court found that nothing in the record substantiated Appellant's assertion that he had not committed a traffic violation and his allegation in that regard was not credible. The court also concluded, based on Appellant's statement in his writ application, that he did not signal his intent to turn until he had already stopped at the intersection. From this evidence, the court concluded that Appellant's writ application objectively established that he committed a traffic violation by failing to continuously signal his intent to turn 100 feet before the turn as required by Section 545.104(b) of the Transportation Code. Viewing the trial court's findings of fact with the appropriate amount of deference, we conclude that the trial court correctly determined that Appellant failed to show that his motion to suppress would have been granted. From these same fact findings, we conclude that Carroll had probable cause to stop Appellant for a traffic violation. *See* TEX.TRANSP.CODE ANN. § 545.104(a), (b). An attorney does not render deficient performance by failing to pursue a motion to suppress which lacks merit. *See Ex parte White*, 160 S.W.3d 46, 53 (Tex.Crim.App. 2004)(trial counsel is not ineffective for failing to make futile objections); *Mooney v. State*, 817 S.W.2d 693, 698 (Tex.Crim.App. 1991)(counsel is not required to file futile motions). Issue Two is overruled.

*Article 38.23 Instruction*

In his third issue, Appellant alleges that trial counsel failed to advise him that he could present the suppression issue to the jury by means of an Article 38.23 instruction. A defendant's

right to the submission of jury instructions under Article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509-10 (Tex.Crim.App. 2007). There is no issue for the jury when the question is one of law only. *Pierce v. State*, 32 S.W.3d 247, 251 (Tex.Crim.App. 2000). The terms of the statute are mandatory, and when an issue of fact is raised, a defendant has a statutory right to have the jury charged accordingly. *Madden*, 242 S.W.3d at 510. The only question is whether under the facts of a particular case an issue has been raised by the evidence so as to require a jury instruction. *Id.* Where no issue is raised by the evidence, the trial court acts properly in refusing a request to charge the jury. *Id.*

Appellant's writ application failed to raise any issue of material fact that would have required submission of an Article 38.23 instruction. In his writ application, Appellant asserted that he signaled his intent to turn as follows: "Upon entering FM 259, [Appellant] proceeded about 50 feet before he came to a stop and activated his left-hand turn signal for the purpose of signaling his intent to turn onto a dirt road which ran next to a canal." Rather than demonstrating he did not violate Section 545.104, this statement shows that Appellant did not signal continuously for not less than the last 100 feet of movement of the vehicle before the turn as required by Section 545.104(b).

Appellant has therefore failed to show that he would have been entitled to an Article 38.23 instruction had he exercised his right to a jury trial. Consequently, his ineffective assistance of counsel claim also fails. Issue Three is overruled.

*Scope of the Detention*

In his fifth issue, Appellant asserts that trial counsel was ineffective because he failed to pursue a motion to suppress on the ground that the officer placed Appellant in handcuffs during the traffic stop. Appellant alleged in his writ application that the officer, shortly after stopping the

vehicle and before commencing a warrants check, ordered Appellant out of the car and handcuffed him. Appellant further alleged that the officer searched his vehicle by "tearing up panels on the inside of the vehicle." The officer's written reports do not reflect that he handcuffed Appellant prior to placing him under formal arrest based on the outstanding warrants. While the officer's report reflects that officers searched Appellant's vehicle, it does not state whether the search was conducted before or after Appellant's arrest on the warrants. Appellant states in his brief that his factual assertions regarding the handcuffing and search of his vehicle have not been controverted by trial counsel and he suggests that the facts must be accepted as true. Appellant does not cite any authority in support of his claim that his writ allegations must be accepted as true if trial counsel fails to specifically contradict each assertion of fact. *See* TEX.R.APP.P. 38.1(I). Further, the State disputes Appellant's assessment of trial counsel's affidavit.

In his affidavit, Ortiz concluded, based on his review of his own case file and the State's file, that there were no meritorious suppression issues to raise. Additionally, he averred that Appellant's assertion that the detention exceeded the scope of the stop lacked credibility since the evidence that counsel reviewed showed that Appellant was stopped for a valid traffic violation. Ortiz also stated that Appellant's writ allegations were false, baseless, and frivolous. Contrary to Appellant's assertions, trial counsel disputed the veracity of Appellant's factual claims regarding whether the officer exceeded the scope of the detention.

The trial court made the following findings of fact related to this allegation:

32. The record reflects that the applicant was arrested pursuant to four outstanding arrest warrants.

.     .     .

58. This Court finds not credible the applicant's allegations that the officer committed any of the acts he alleges exceeded the lawful scope of the detention.

. . .

76. Other than his uncorroborated allegation, nothing in the record or his attached exhibits substantiates his allegation that shortly after the traffic stop, the officer ordered him out of the car, patted him down, and handcuffed him.

77. This Court finds not credible the applicant's allegation that shortly after the traffic stop, the officer ordered him out of the car, patted him down, and handcuffed him.

78. This Court finds not credible the applicant's allegations that the officer engaged in any of the conduct the applicant alleges to have exceeded the scope of the detention.

79. Even if the applicant was handcuffed, nothing in the record shows the reason why he was placed in handcuffs.

80. Nothing in the record shows whether he was handcuffed before or after the officer learned of his outstanding arrest warrants.

81. Other than the act of handcuffing the applicant, the applicant does not argue what other facts might have shown that the detention had escalated into an arrest.

82. The police report in this case states that the applicant was 'placed under arrest for four outstanding Sherriff's [sic] Office traffic warrants.... '

83. The applicant's claim that a motion to suppress on the grounds that the officer arrested him without probable cause constitutes mere speculation that the trial court would have found credible his assertion that the officer promptly arrested him for no reason.

84. The applicant has failed to substantiate his speculative claim that this Court would have found credible his assertion that the officer promptly arrested him for no reason and without probable cause and would have granted the suppression motion.

85. The applicant's failure to signal his intent to turn left gave the officer probable cause to arrest him for committing a traffic violation in his presence.

Appellant has not specifically challenged any of the trial court's findings of fact. As the trier of fact, the trial court was free to disbelieve Appellant's unsubstantiated account of the events surrounding the traffic stop and his subsequent arrest pursuant to four outstanding warrants. Even if the trial court accepted Appellant's claim that the officer handcuffed him shortly after stopping him for the

traffic violation, the court would not have been required to find that Appellant had been arrested without probable cause because the officer was authorized to arrest Appellant without a warrant for the traffic violation committed in the officer's view. *See* TEX.TRANSP.CODE ANN. § 543.001; TEX.CODE CRIM.PROC.ANN. art. 14.01(b); *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 1557, 149 L.E.2d 549 (2001)(holding that police were authorized to arrest motorist and take her into custody for violating provision of Texas Transportation Code requiring motorist to wear seat belt). Having failed to establish that his motion to suppress would have been granted, Appellant has not satisfied *Strickland's* requirements. Issue Five is overruled.

## VOLUNTARINESS OF THE GUILTY PLEA

In his fourth issue, Appellant argues that the trial court erred by not setting aside his guilty plea because it is the product of ineffective assistance of counsel on the grounds alleged in Issues Two, Three, and Five.[2] The constitutional key to validity of a guilty plea is that it be voluntary and intelligently made and, if upon advice of an attorney, that counsel be reasonably competent and render effective assistance. *Meyers v. State*, 623 S.W.2d 397, 401 (Tex.Crim.App. 1981), *citing Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The purpose of Article 26.13 of the Texas Code of Criminal Procedure is to ensure that only a constitutionally valid plea is entered and accepted by the judge of the trial court. *Meyers*, 623 S.W.2d at 402. This article requires a trial court to admonish a criminal defendant of certain facts and rights prior to accepting a plea of guilty. TEX.CODE CRIM.PROC.ANN. art. 26.13 (West 2009). A record that indicates that the trial court properly admonished the defendant presents a *prima facie* showing that the guilty plea was made voluntarily and knowingly. *Labib v. State*, 239 S.W.3d 322, 332 (Tex.App.--Houston [1st

---

[2] Appellant does not expressly allege in his brief that his guilty plea is involuntary due to ineffective assistance of counsel as alleged in Issue Five, but we have construed Issue Four as including such an argument.

Dist.] 2007, no pet.), *citing Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App. 1998). A guilty plea is not voluntary if made as a result of ineffective assistance of counsel, because it does not represent an informed choice. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App. 1980).

The record reflects that the trial court properly admonished Appellant in accordance with Article 26.13. Consequently, the burden shifted to Appellant to show that he entered the plea without understanding the consequences. *See Mallett v. State*, 65 S.W.3d 59, 64 (Tex.Crim.App. 2001). Appellant's claim of involuntariness is based solely on his allegations of ineffective assistance of counsel. We have already determined that Appellant failed to establish his claims of ineffective assistance addressed in Issues Two, Three, and Five. Accordingly, we conclude that Appellant failed to show that he entered his guilty plea without understanding the consequences. We overrule Issue Four and affirm the judgment of the trial court denying habeas corpus relief.

November 30, 2011

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)