**Daniel David WILKERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–06–00327–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 19, 2007.

Daniel D. Wilkerson, Overton, TX, pro se.

Riddhi Desai, Houston, TX, for Appellant.

John J. Harrity III, Assistant District Attorney, Richmond, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and ALCALA.

## ORDER

ELSA ALCALA, Justice.

Appellant, Daniel David Wilkerson, pleaded guilty to the offense of injury to a child. The trial court deferred adjudication of guilt and placed appellant on community supervision for eight years. The State subsequently filed a motion to adjudicate guilt to which appellant pleaded true. The State and appellant agreed to the sentence that the trial court should impose. After a hearing, the trial court found true the State's allegations that appellant had violated the conditions of his community supervision, found appellant guilty, and sentenced him to confinement for eight years, in accordance with the agreement between the State and appellant. Appellant filed a pro se notice of appeal. Appellant's counsel on appeal has filed a brief stating that the record presents no reversible error, that the appeal is without merit and is frivolous, and that the appeal must be dismissed or affirmed. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

The trial court's certification states that this is a plea-bargain case and that the defendant has no right of appeal. We conclude the certification is defective because appellant has the right of appeal under these circumstances. We order the trial court to amend the defective certification.

## Certification of Appeal of Revocation of Community Supervision

A court of appeals must dismiss an appeal if a trial court's certification states that a defendant has no right of appeal, "unless it conclude[s] that the trial court's certification was defective." *Dears v. State,* 154 S.W.3d 610, 613 (Tex.Crim. App.2005). "[A] defective certification should include a certification which is correct in form but which, when compared with the record before the court, proves to be inaccurate." *Id.* at 614. An appellate court that has an appellate record is "obligated to review that record in ascertaining whether the certifications were defective." *Id.* at 615. When a defendant agrees to a plea-bargained sentence in a revocation of community supervision, it is improper for the certification to state that the sentence is a plea bargain. *Id.* at 613. Rule 25.2(a)(2) "refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions." *Id.* at 614; *see also Hargesheimer v. State,* 182 S.W.3d 906, 913 (Tex.Crim.App.2006) ("There was no second plea bargain with regard to punishment, and even if there had been, Rule 25.2(a)(2) would not apply to restrict appeal because of our holding in *Dears.*"). Here, the trial court's certification that this is a plea-bargain case in which the defendant has no right to appeal is in error because appellant's plea agreement concerned a sentence in the revocation of deferred adjudication or community supervision. *Dears,* 154 S.W.3d at 612–13 (holding appellate court erred by dismissing appeal of Dears's convictions based on her receipt of five years in prison in exchange for pleas of true on motions to revoke two

cases of community supervision and one deferred adjudication because trial court's certification erroneously said she had entered into plea bargains and had no right of appeal).[1]

In regard to certification of the right to appeal, the Court of Criminal Appeals has instructed trial courts as follows:

> [W]hen the defendant appeals from the proceeding on the motion to adjudicate guilt, Rule 25.2(a)(2) will not restrict appeal, but Article 42.12 § 5(b) will continue to prohibit the appeal of the trial court's decision to adjudicate guilt. Under this circumstance, the trial judge must check the box on the certification form indicating that the case "is not a plea-bargain case, and the defendant has the right of appeal." In the instant case, the court of appeals erred in denying Appellant's general notice of appeal of the trial court's revocation proceeding solely on the basis of an underlying plea bargain from the original proceeding. The trial judge is instructed to re-certify this case by designating it as "not a plea-bargain case" on the certification form. The court of appeals has jurisdiction to consider Appellant's appeal, subject to Article 42.12 § 5(b).[2]

*Hargesheimer*, 182 S.W.3d at 913.

Accordingly, we hold that the certification stating that appellant has no right of appeal is erroneous and order the trial court to amend the certification to show there is a right of appeal. We will not address the *Anders* brief filed by appellant's court-appointed attorney until we receive an amended certification from the trial court and determine that we have jurisdiction over the appeal. *Cf. Chavez v. State*, 183 S.W.3d 675, 680 (Tex.Crim.App. 2006) (disallowing consideration of *Anders* brief because appellate court determined it lacked jurisdiction due to trial court's proper certification that appellant has no right of appeal).

### Conclusion

We order the trial court to amend the certification to conform to the record.

---

1. The decision in *Dears* implicitly overrules precedent by our court in *Comb v. State,* 101 S.W.3d 724, 725 (Tex.App.-Houston [1st Dist.] 2003, no pet.), which held that a sentence reached by an agreement between the State and defendant in a revocation of a deferred adjudication was a plea-bargained sentence that the defendant did not have a right to appeal.

2. Article 42.12, § 5(b) of the Code of Criminal Procedure provides in relevant part:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

TEX.CODE.CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon 2005).