Opinion issued February 3, 2011.

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.
01-10-00305-CR

 










TONYA DENIESE HEBERT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1138380

 

 



MEMORANDUM OPINION  

           Tonya Deniese Hebert appeals from the order
adjudicating her guilt for the offense of theft.  See
Tex. Penal Code Ann. § 31.03 (West
Supp. 2010); see also Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5 (West Supp. 2010).  She contends that
she received ineffective assistance of counsel because her counsel “lied” to
her and, as a result, her plea of true to the allegation of violating her
community supervision was involuntary.  We
affirm the judgment of the trial court. 

Background

          In accord with an agreed
recommendation from the State, the trial court deferred adjudication of
Hebert’s guilt, following her guilty plea to the offense of theft, and placed
her on community supervision for three years. 
The State later filed a motion to adjudicate guilt, alleging Hebert
violated the terms of her supervision. 
Hebert signed a stipulation of evidence and judicial confession,
admitting that she had violated her supervision.  The stipulation included a recommendation
from the State that she receive eight months’ confinement in a state jail and a
$500 fine.  On the same day, Hebert
signed admonishments, waivers, and a “Statement of Defendant,” which stated she
made her plea voluntarily and she was satisfied with the representation she
received.  The trial court found Hebert
guilty and assessed punishment according to the State’s recommendation.[1]

Hebert
filed two letters within five days of the trial court’s judgment adjudicating
guilt.  She asserted in the letters that
her counsel pressured her to prevent her from retaining her own lawyer and told
her she would receive over a year of confinement if she tried to reset the hearing.  She asserted she accepted the State’s
recommendation and pleaded true based on this misinformation.  

Ineffective
Assistance of Counsel

I.       Standard of Review

To show ineffective
assistance of counsel, a defendant must demonstrate that: (1) counsel’s
performance fell below an objective standard of reasonableness; and (2) there
is a reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687–88, 694, 104
S.Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).  A defendant has the burden to establish both
of these prongs by a preponderance of the evidence, and a failure to make
either showing defeats the ineffectiveness claim.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002).  We presume that counsel’s
conduct falls within the wide range of reasonable professional assistance, and
we will find counsel’s performance deficient only if the conduct is so
outrageous that no competent attorney would have engaged in it.  Andrews, 159 S.W.3d at 101.  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).


In assessing the voluntariness of a
plea, we review the record as a whole and consider the totality of the
circumstances.  Griffin v. State, 703 S.W.2d 193, 196 (Tex. Crim. App.
1986); Lee v. State, 39
S.W.3d 373, 375 (Tex. App.—Houston [1st Dist.] 2001, no pet).  A trial court may accept a guilty plea only
if the defendant enters it knowingly and voluntarily.  Tex. Code
Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2010).  A record indicating that the trial court
properly admonished the defendant presents a prima facie showing that the
guilty plea was made knowingly and voluntarily. 
Starz v. State, 309 S.W.3d
110, 117 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d) (citing Martinez
v. State, 981 S.W.2d 195,
197 (Tex. Crim. App. 1998)).  If the
record presents such a showing, then the burden shifts to the defendant to show
that he entered the plea without understanding the consequences.  Id.  A defendant who attests to understanding the
nature of the guilty plea and that it is voluntary has a heavy burden on appeal
to show that the plea was involuntary.  Id.; Dusenberry v. State, 915
S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d).  A guilty plea based on erroneous information
conveyed by defense counsel is involuntary.  Labib v. State, 239 S.W.3d 322, 333
(Tex. App.—Houston [1st Dist.] 2007, no pet.).  However, a trial court
may reject the defendant’s uncorroborated testimony that he was misinformed by
counsel.  Starz, 309 S.W.3d at 117; see
also Labib, 239 S.W.3d at 335 (“Appellant’s uncorroborated testimony that
he was misinformed by counsel does not meet his burden to show that his plea
was involuntary.”)

II.      Uncorroborated
Statements

          Hebert filed two letters asserting
that her counsel “lied” and pressured her into pleading true to the violation
of her community supervision.  Before her
plea, however, Hebert signed written admonishments stating that she understood
the admonishments and the consequences of pleading true.  The admonishments create a prima facie
showing that her plea was made knowingly and voluntarily.  See
Starz, 309 S.W.3d at 117.  Hebert
waived the right to a court reporter at the hearing adjudicating her guilt, so
no transcript of the hearing exists and she did not file any post-trial
motions.  The record, therefore, is
silent as to any advice, recommendations, or promises given by defense counsel
and does not demonstrate that Hebert’s understanding deviated from the
admonishments she signed.  The only
exceptions in the record are the unsworn letters filed with the trial
court.  We hold her uncorroborated
statements in the letters are not sufficient to meet her burden to show her
plea was involuntary and that she received ineffective assistance of
counsel.  See Labib, 239 S.W.3d at 335. 


We overrule Hebert’s sole
issue.

Conclusion

          We affirm the judgment
of the trial court.  

                   

 

 

 

                                                         Harvey
Brown                                                                                                    Justice 

 

Panel consists of Justices Jennings,
Higley, and Brown.

Do not publish.   Tex. R. App. P. 47.2(b).











[1]           The
original trial court certification of the right to appeal stated that this is a
“plea bargain” case and that Hebert has no right to appeal.  The State made punishment recommendations at
both Hebert’s guilty plea and at her plea of true to the violation of her
community supervision in response to the State’s motion to adjudicate her
guilt.  The term “plea bargain” only
applies to the original guilty plea and not a plea of true on the grounds to
revoke community supervision.  Hargesheimer v. State, 182 S.W.3d 906,
913 (Tex. Crim. App. 2006); Wilkerson v. State,
264 S.W.3d 102, 103 (Tex. App.—Houston [1st Dist.] 2007) (memorandum
order).  We received a corrected trial
court certification on January 4 designating that this was not a plea bargain
case and Hebert had the right to an appeal.