**Opinion issued December 22, 2015**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-14-00830-CR

———————————

**MELISSA IRENE CARLSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 65927**

---

**MEMORANDUM OPINION**

Appellant, Melissa Irene Carlson, was convicted of the state-jail felony

offense of fraudulent use of identifying information and punishment was assessed at

confinement for two years and a fine of $200.00.[1]  The trial court suspended the

sentence of confinement and placed appellant on community supervision for a period

of three years.  Subsequently, the State moved to revoke appellant's community

supervision.  With an agreed punishment recommendation from the State, appellant

pleaded true to the State's allegations.  The trial court revoked appellant's

community supervision and, in accordance with the State's recommendation,

assessed punishment at confinement for eighteen months, with jail-time credit of 179

days.  Appellant filed a *pro se* notice of appeal.[2]  We dismiss the appeal.

An appeal must be dismissed if a certification showing that the defendant has

the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d);

*Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).  The trial court's

certification, which is included in the record on appeal, states that appellant has

waived her right of appeal.[3]  *See* TEX. R. APP. P. 25.2(a).

---

[1]  *See* TEX. PENAL CODE ANN. § 32.51 (Vernon Supp. 2015).

[2]  After she filed her notice of appeal, appellant notified the trial court clerk that she did not wish to proceed with the appeal.

[3]  The certification of appellant's right of appeal also states that this criminal case "is a plea-bargain case, and the defendant has NO right of appeal."  Because she is appealing from her plea of true to a motion to revoke her community supervision, appellant could not have entered into a "plea bargain" and that portion of the certification is incorrect.  *See Wilkerson v. State*, 264 S.W.3d 102, 103 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2005); *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2003)).  Nevertheless, because the record reflects that appellant waived her right to appeal in exchange for the State's recommendation on punishment, the trial court's certification correctly states that appellant has no right of appeal and we need not

A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The record reflects that, on September 19, 2014, appellant swore to a "Stipulation of evidence," pleading "true" to the allegations in the State's motion to revoke her community supervision and stating, "I waive the right to appeal" and "I UNDERSTAND THE ADMONITIONS, STATEMENTS AND WAIVERS SET FORTH ABOVE AND I AM AWARE OF THE CONSEQUENCES OF MY PLEA." Also on September 19, 2014, appellant signed a "Plea Agreement on Motion to Adjudicate/Motion to Revoke" that reflects the State's recommendation that appellant's punishment be assessed at confinement for eighteen months with a jail-time credit of 179 days. The trial court found allegations in the State's motion true, revoked appellant's community supervision, and assessed punishment in accordance with the recommendation. Accordingly, the record reflects that appellant waived her right of appeal in exchange for an agreed punishment recommendation from the State.

When a defendant waives her right of appeal in exchange for consideration from the State, her waiver is made knowingly, intelligently, and voluntarily, and she may not appeal any matters unless the trial court first grants permission. *See Ex parte*

---

abate the case to correct the certification. *See Dears*, 154 S.W.3d at 614; *Pena v. State*, 323 S.W.3d 522, 527 (Tex. App.—Corpus Christi 2010, no pet.).

*Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration is given by State for waiver); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000) (concluding waiver was valid when defendant waived right to appeal in exchange for recommended sentence). The record shows that appellant, along with her plea of true, waived her right to appeal for the State's recommendation on punishment and that the trial court did not give its permission to appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Dears*, 154 S.W.3d at 613. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Bland.
Do not publish.   TEX. R. APP. P. 47.2(b).

4