**DISMISSED and Opinion Filed July 19, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00062-CR

### MICHAEL DEREK HANSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-81585-2015**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart
Opinion by Justice Stoddart

Michael Derek Hanson appeals the trial court's judgment revoking his community supervision. The trial court filed two certifications, the first showing appellant waived his right to appeal and the second one showing that (1) the case involves a plea bargain and appellant has no right to appeal; and (2) appellant has waived the right to appeal. We dismiss the appeal.

Appellant and the State reached an agreement in which appellant would plead true to nine alleged violations of the conditions of community supervision and waive his right to appeal in exchange for the State's agreement to drop one allegation and agree to a two-year sentence on

his conviction for assaulting a public servant.[1] The parties' written agreement contains an express waiver of appellant's right to appeal. The trial court accepted the parties' agreement and assessed the agreed punishment.

Rule of appellate procedure 25.2(a)(2), limiting appeals from plea bargain agreements, does not apply to negotiated pleas of true to violations of community supervision. *See* TEX. R. APP. P. 25.2; *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Because appellant's "plea bargain" on revocation does not fall within the purview of Rule 25.2, the portion of the trial court's second certification asserting appellant has waived the right to appeal by entering into a plea bargain agreement is incorrect. *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2005); *Dears*, 154 S.W.3d at 613; *Wilkerson v. State*, 264 S.W.3d 102, 103 (Tex. App.—Houston [1st Dist.] 2007, no pet.). However, the record does support the trial court's certification showing appellant waived his right to appeal.

When a defendant waives the right to appeal in exchange for valuable consideration from the State, the waiver is enforceable provided it is made voluntarily, knowingly, and intelligently. *See Jones v. State*, 488 S.W.3d 801, 807–08 (Tex. Crim. App. 2016); *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009). Because the record showed appellant waived his right to appeal in writing, the Court requested letter briefs from the parties to address the question of whether the Court has jurisdiction over the appeal. Appellant's letter brief pointed out that appellant has a history of mental competency issues documented in the record and suggested a question about the voluntariness of the plea might confer jurisdiction over the case on the Court.

---

[1] We note that the motion to revoke community supervision contains only nine allegations.

The record shows appellant was found incompetent to stand trial in 2015 and was committed to a mental hospital. He was tried and convicted In March 2016 after his competency was restored. In September 2016, during the revocation proceedings, the trial court ordered appellant committed to a mental hospital after a competency examination showed he was incompetent to stand trial. On November 28, 2016, after the medical director of the mental hospital filed a report stating appellant had been examined and his competency had been restored, the trial court issued an order finding appellant competent to stand trial on the revocation. The reporter's record of the December 15, 2016 revocation proceeding shows appellant answered appropriately the questions put to him. During a discussion of appellant's competency with the trial court, counsel delivered the following assessment: "[W]e did a hearing I think—on November 28th, where his competency was restored, and I have had no competency issues dealing with [appellant] during the duration of his return." The written plea agreement contains written representations of appellant's mental competence and is signed by both counsel and appellant.

Nothing in the record suggests that appellant was mentally incompetent at the time he waived his right to appeal. Appellant made the waiver as part of an agreement with the State for which he received an agreed punishment. We conclude appellant's waiver of the right to appeal was voluntary and is enforceable against him. *See Jones*, 488 S.W.3d at 807–08; *Broadway*, 301 S.W.3d at 699; *Moreno v. State*, 327 S.W.3d 267, 268 (Tex. App.—San Antonio 2010, no pet.). Lacking jurisdiction over the appeal, we are required to dismiss the appeal without further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

–3–

We dismiss the appeal for want of jurisdiction.


/Craig Stoddart/

CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
170062F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL DEREK HANSON, Appellant

No. 05-17-00062-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-81585-2015.
Opinion delivered by Justice Stoddart.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 19th day of July, 2017.