**Order entered March 30, 2020**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00950-CR

**UCHECHUKWU DIOGU UKARIWE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1776605-Q**

## ORDER
Before Justices Partida-Kipness, Nowell, and Evans

On July 19, 2018, appellant Uchechukwu Diogu Ukariwe entered a plea of guilty on the charge of first degree felony aggravated robbery. In accordance with the terms of the plea bargain, the trial court deferred adjudication of guilt, entered an order of deferred adjudication that included a deadly weapon finding, and sentenced appellant to seven years' community supervision. Subsequently, the State moved to revoke probation or proceed with adjudication of guilt, alleging appellant committed multiple violations of his community supervision. At the

hearing on the motion, appellant waived presentation of the motion and entered a plea of true to all but one of the allegations, which the State withdrew. The trial court accepted appellant's plea of true, granted the State's motion, found appellant guilty of aggravated robbery with a deadly weapon and, pursuant to a plea agreement, sentenced appellant to five years' imprisonment in the Texas Department of Criminal Justice. The trial court also made an affirmative finding that the deadly weapon was a firearm. Thereafter, the trial court issued a nunc pro tunc order that corrected the judgment to reflect that appellant was convicted of aggravated robbery first degree felony under article 29.03 of the penal code. Appellant now appeals the revocation of his community supervision.

This case was submitted without oral argument to the above-referenced panel of justices on March 25, 2020. Upon review of the record in preparation for submission, the panel discovered that the Trial Court's Certification of Defendant's Right of Appeal contained in the clerk's record is defective. First, the certification is not signed by appellant as required by Rule 25.2(d) of the Texas Rules of Appellate Procedure. The case must, therefore, be abated and remanded to the trial court for further proceedings.

Second, the certification erroneously states that the case "is a plea-bargain case, and defendant has NO right of appeal." Because appellant appealed from a plea of true to a revocation motion, he did not attempt to appeal from a plea-

bargained case, and the certification of his right of appeal was defective. *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006) (holding that Rule of Appellate Procedure 25.2(a)(2) will restrict appeal when appellant appeals placement on deferred adjudication community supervision pursuant to original plea bargain, but will not restrict appeal from proceeding on motion to adjudicate guilt); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) (holding that Rule 25.2(a)(2) "refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions" and "[n]othing in Rule 25.2(a)(2) limits [appellant's] right to appeal"); *Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003) ("[I]n the context of revocation proceedings, the legislature has not authorized binding plea agreements."). We conclude that the certification stating that the case was a plea bargain case and, as such, appellant has no right of appeal is erroneous, and we order the trial court to amend the certification to conform to the record.

We will not address the *Anders* brief filed by appellant's court-appointed attorney until we receive an amended certification from the trial court and determine that we have jurisdiction over the appeal. *See Wilkerson v. State*, 264 S.W.3d 102, 103–04 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (appellate court ordered trial court to amend defective certification because appellant had a right of appeal where plea agreement concerned revocation of deferred

adjudication or community supervision); *see also McGaha v. State*, No. 01-13-00031-CR, 2013 WL 2106486, at \*1 (Tex. App.—Houston [1st Dist.] May 14, 2013, no pet.) (noting appeal was previously abated and remanded for execution of amended certification under analogous facts).

Accordingly, we **ABATE** this appeal and **REMAND** this cause to the trial court for further proceedings. We **ORDER** the trial court to conduct all necessary proceedings to secure a proper, amended Trial Court's Certification of Defendant's Right of Appeal that will conform to the record and comply with rule 25.2(d) of the rules of appellate procedure. Once properly completed and executed, the certification shall be included in a supplemental clerk's record. *See* TEX. R. APP. P. 34.5(a)(12). We **ORDER** the trial court to cause the supplemental clerk's record to be filed with the Clerk of this Court **by April 30, 2020**. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification. If a supplemental clerk's record containing a proper certification is not filed in accordance with this Order, this cause will be reinstated and resubmitted to the above-referenced panel for dismissal. *See* TEX. R. APP. P. 25.2(d).

/s/ ROBBIE PARTIDA-KIPNESS
PRESIDING JUSTICE